■ In the Matter of ELSIE COUGHLIN, Petitioner, v COMMISSIONER OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services dated July 16, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency dated April 12, 1979 that petitioner was ineligible for medical assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements and the matter is remanded to the respondents for further proceedings not inconsistent herewith. Petitioner Elsie Coughlin, aged 87, a nursing home resident since late 1978, applied for medical assistance on January 22, 1979. Her application was denied on March 23, 1979 on the ground of "excess resources" in the sum of $3,880. This figure was reached by treating a savings account in the names of both petitioner and her nephew Edward Reilly as a joint account and crediting one half of the money in the account as of August 7, 1978 as a resource of the petitioner. When the nephew asked for a review of that decision, a recalculation was done. This time assistance was denied on the ground that the entire bank account belonged to petitioner. Upon a hearing, the agency representative testified that the account was opened in July, 1968 in petitioner's name only. In April, 1971 the nephew was made a joint tenant. Additional sums were added by petitioner from time to time. No withdrawals were made until October, 1977, when petitioner entered an adult home. The withdrawals went only for petitioner's care. In July, 1978 petitioner was hospitalized. Upon her release in August, 1978 she entered a nursing home, likely as a permanent patient. One week later, her nephew withdrew $20,000 from the savings account, which did not go toward petitioner's care. The agency representative also stated that Mr. Reilly had not declared any of the interest on the account on his tax returns during any period. (No evidence was introduced to support this statement, but it was not denied.) The representative concluded that the withdrawal represented a purposeful transfer that was made to render petitioner eligible for medical assistance. Mr. Reilly's testimony with respect to the creation of the

joint account was that petitioner told him she wanted him to have the money. At that time (1971) she was in good physical condition and was working. When he withdrew the $20,000 he believed that sum to be one half of the money which belonged to him as a joint tenant. The State commissioner affirmed the local agency's denial of assistance, concluding that all funds were the sole property of petitioner and that the joint tenancy presumption (Banking Law, § 675) had been overcome on the basis of the credible evidence. In addition, the commissioner concluded that petitioner had failed to overcome the presumption that she had transferred the $20,000 for the purpose of qualifying for medical assistance (Social Services Law, § 366, subd 1, par [e]). Insofar as the State commissioner premised her determination upon section 366 (subd 1, par [e]) of the Social Services Law to wit, a voluntary transfer, she relied in error. That statute and its accompanying regulation (18 NYCRR 360.8) have been held invalid "as applied to individuals who, but for their income and resources, would be eligible for SSI" (Scarpuzza v Blum, 73 AD2d 237, 251; Caldwell v Blum, 621 F2d 491) for being in conflict with controlling Federal law. With respect to the State commissioner's determination that the joint bank account was established by petitioner solely for her convenience, the determination is unsupported by substantial evidence. The presumption of a joint tenancy was not rebutted. There was no evidence presented to show that at the time the account was created by petitioner in 1971 she did not intend to confer a beneficial interest in the account by making a gift to her nephew of one half of the sums on deposit. That neither joint tenant withdrew any money until 1977 is not conclusive on the issue, nor is the fact that the first moneys withdrawn (by the nephew in 1977) went for petitioner's care. Petitioner had the right to use the money when she needed it. Her use did not destroy the nephew's beneficial interest (see Matter of Bricker v Krimer, 13 NY2d 22, 27). The State commissioner's assumption that all bank interest was declared by petitioner for tax purposes does not bear upon petitioner's intent to create a true joint tenancy. There is no proof in the present case even faintly resembling the concession made in Filippi v Filippi (53 AD2d 658, 659) that the money deposited was for the use of the depositor for business purposes nor is there testimony by the depositor herself denying her intention to create a joint account (Silbert v Silbert, 22 AD2d 893, affd 16 NY2d 564; accord, Cinquemani v Cinquemani, 42 AD2d 851, 852). Reilly may not, however, withdraw from the account a sum in excess of his moiety; if he has done so, he is liable to the other joint tenant for the excess so withdrawn (see Matter of Bricker v Krimer, supra; Matter of Kleinberg v Heller, 38 NY2d 836, 842). The matter is, therefore, remanded for a recalculation of petitioner's income and resources to determine her eligibility. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.