■ In the Matter of GUNARS DVELIS, on Behalf of TAMARA DVELIS, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered December 9, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Department of Social Services denying medical assistance benefits to Tamara Dvelis for the month of August 1986.

Tamara Dvelis entered Albany Medical Center in Albany County on July 23, 1986. She was then 64 years old and disabled. On August 20, 1986, the hospital's "Utilization Review Committee" determined that Dvelis no longer required acute care and placed her in "alternate care status", awaiting placement in a nursing home to receive skilled nursing ser-

vices. Dvelis' husband, petitioner, applied for Medicaid benefits to respondent Albany County Department of Social Services (hereinafter the local agency) on Dvelis' behalf on September 4, 1986. The local agency advised petitioner that he must disclose certain information about his income and resources. He refused to provide any information to the local agency.

In its decision following a hearing, respondent State Department of Social Services (hereinafter the Department) held that the local agency properly denied Medicaid benefits for August 1986 because petitioner refused to provide information concerning his income and resources. It concluded that pursuant to *Brill v Webb* (82-CV-1271 [hereinafter the *Brill* case]) and 18 NYCRR 360.23 (s), Dvelis was "permanently absent" on August 20, 1986 when she was found in need of nursing home care. The Department also determined that a refusal to provide care and assistance is not covered by Social Services Law § 366 (3) (a).

Petitioner then brought this CPLR article 78 proceeding, alleging that the Department's determination and the methodology applied were contrary to Federal and State law. Supreme Court upheld the Department's decision and dismissed the petition, based on the consistency between 18 NYCRR part 360 and 20 CFR 416.1149 (c). This appeal ensued.

Initially, we address respondents' contention that petitioner's challenge to the budgeting methodology by which his income was deemed* available to Dvelis is barred under principles of collateral estoppel and res judicata because of the consent decree in the *Brill* case and administrative directive. This argument is rejected. There must be an identity of claims before the doctrine of res judicata can be given effect *(see, Kaufman v Lilly & Co.,* 65 NY2d 449). While the decision in the *Brill* case did address the methodology employed for determining when a couple is living separate and apart for deeming purposes, petitioner's claim should not be precluded since it has yet to be determined whether New York's regulations comply with Federal standards. The *Brill* consent decree explicitly stated that the Department was not admitting any failure to comply with any law, and that the decree repre-

---

* In calculating eligibility, a State must consider or deem the "income and resources of spouses living in the same household as available to each other, whether or not they are actually contributed" (42 CFR 435.723 [b]). The nonapplying spouse's income is deemed available through the end of the month in which the couple ceases to live together (42 CFR 435.723 [d]).

sented the parties' (i.e., the Department's) understanding of the Federal budgeting methodology. Clearly, then, petitioner's claims have not yet been determined. This is especially so since a class action judgment "will as a rule bind only as to matters actually litigated and not necessarily those which merely might have been" (Siegel, NY Prac § 454, at 600). Moreover, petitioner's contention that the Department did not apply its own laws and regulations correctly in the instant matter was not decided in the *Brill* case.

However, the primary issue in this case is Dvelis' right to Medicaid benefits for August 1986. This determination turns on whether Dvelis was temporarily or permanently absent from her home in July 1986 because she would be eligible for benefits the next month if permanently absent (42 CFR 435.723 [d]; 18 NYCRR 360.7 [b] [2]; [f]). Pursuant to State regulations an applicant is presumed temporarily absent from home upon placement in an acute care hospital (18 NYCRR 360.23 [r] [3]), but presumed permanently absent upon transfer from acute care to an alternate level of care while awaiting placement in a residential health care facility (18 NYCRR 360.23 [s] [2]). These presumptions can be rebutted by competent medical evidence (18 NYCRR 360.23 [s] [2]). The Department properly determined that under 18 NYCRR 360.23 (r) (3), Dvelis was merely temporarily absent from her home in July 1986 when she was placed in the hospital and, thus, not eligible for benefits the following month.

The law is well settled that a party seeking a benefit must establish the right to it *(see, Lavine v Milne,* 424 US 577, 582-583; *Matter of Moffett v Blum,* 74 AD2d 625, 626). A party attempting to overcome an unfavorable presumption must come forward with proof sufficient to defeat the presumption *(see,* 57 NY Jur 2d, Evidence and Witnesses, § 108, at 296). Petitioner did not come forward with the required medical proof to counter the presumption. Supreme Court correctly found that Medicaid was properly denied under New York law.

Petitioner's contention that Supreme Court erred in determining that New York's Medicaid laws and regulations are consistent with Federal requirements is rejected. The State and Federal regulations have not been shown to be inconsistent.

In view of our conclusion that Dvelis was properly found not eligible for benefits in August 1986, it is not necessary to reach petitioner's claim that his failure to provide information pertaining to his income and resources was tantamount to

refusing to provide necessary care and assistance under Social Services Law § 366 (3) (a). It is also unnecessary, for the same reason, to reach petitioner's contention that the Department's decision in this case interpreting Social Services Law § 366 (3) (a) is inconsistent with a prior decision and, thus, arbitrary and capricious.

Finally, Supreme Court correctly refused to award petitioner counsel fees under 42 USC § 1988 since petitioner did not prevail in this litigation.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.

