■ In the Matter of HELEN S. SOREL, as Administratrix of the Estate of WILLIAM F. SOREL, Deceased, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Conway, J.), entered March 25, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Commissioner of Social Services denying medical assistance to William F. Sorel prior to May 1, 1986.

William F. Sorel entered the hospital in December 1985. On April 10, 1986, the hospital's "Utilization Review Committee" placed Sorel in alternate care status for placement in a nursing home. On June 25, 1986, petitioner, Sorel's wife, applied on Sorel's behalf to respondent Albany County Department of Social Services (hereinafter the local agency) for Medicaid benefits. By letter dated July 29, 1986, Sorel's attorney advised that petitioner was not making any resources or

income available for Sorel. Thereafter, the local agency asked petitioner to provide various information and materials concerning her financial condition but petitioner gave no response. Sorel died in the hospital on February 4, 1987.

The local agency ultimately determined that Sorel was eligible for benefits as of May 1, 1986, the first day of the month after Sorel became permanently absent from his home in accordance with the April 10, 1986 change in his care status (see, 42 CFR 435.723 [d]; 18 NYCRR 360.7 [b] [2]; [f]). Petitioner appealed seeking benefits prior to May 1, 1986. Following a fair hearing at which petitioner was represented but presented no evidence, respondent State Department of Social Services concluded that the local agency's determination was correct.

Petitioner then commenced this CPLR article 78 proceeding to challenge the determination. Petitioner claimed that Sorel was entitled to benefits prior to May 1, 1986 because her refusal to provide information about her income and resources was essentially a refusal to make the income and resources available to Sorel which, under Social Services Law § 366 (3) (a), could not be used to prohibit benefits to Sorel. Supreme Court agreed, granted the petition and awarded counsel fees. From the judgment entered thereon, respondents appeal.

Regardless of whether petitioner's refusal to disclose information about her income and resources is equivalent to a refusal to provide support so as to permit payment of benefits prior to May 1, 1986 under Social Services Law § 366 (3) (a) as argued by petitioner, Sorel was not eligible for Medicaid benefits until May 1, 1986 as our recent decision in *Matter of Dvelis v New York State Dept. of Social Servs.* (146 AD2d 875), relied on by respondents, makes clear. Sorel is presumed to have been temporarily absent from his home upon placement in the hospital for acute care (18 NYCRR 360.23 [r] [3]) and permanently absent upon transfer from acute care to an alternate level of care while awaiting placement in a residential health care facility (18 NYCRR 360.23 [s] [2]). Petitioner failed to rebut these presumptions so that Sorel became eligible for benefits the first day of the month after he became permanently absent (see, *Matter of Dvelis v New York State Dept. of Social Servs., supra; see also,* 42 CFR 435.723 [d]; 18 NYCRR 360.7 [b] [2]; [f]), which was May 1, 1986. Since Sorel was not eligible for benefits before May 1, 1986, we need not address petitioner's argument about the effect of her refusal to provide information (see, *Matter of Dvelis v New York State Dept. of Social Servs., supra).* Furthermore, since petitioner

has not prevailed in this proceeding, she is not entitled to counsel fees *(supra).*

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.