■ In the Matter of JAMES FITZGERALD et al., Appellants, v RONALD HACKETT, as Commissioner of the Cattaraugus County Department of Social Services, et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In Wilson v Hackett (152 AD2d 1018), this court affirmed a judgment holding that the "aid and attendance" allowance portion of a Veterans' Administration improved pension (VAIP) may be included as income for the purpose of computing the posteligibility budget and individual contributions required of a Medicaid recipient. Petitioners were nonparticipating members of the class of plaintiffs in Wilson. Petitioners commenced these proceedings to challenge a local agency determination which included all (in Fitzgerald's case) or nearly all (in Ronin's case) of their VAIP benefits as income in the budgeting process. On this appeal from a judgment dismissing their petitions on res judicata grounds, petitioners contend that Supreme Court erred in dismissing those portions of the petitions which assert causes of action not raised in the Wilson case.

Members of a class who did not participate in an earlier class action are not precluded from asserting causes of action that were not litigated and actually decided in the earlier action (see, Murphy v Erie County, 28 NY2d 80, 86, rearg

*denied* 29 NY2d 551; *Matter of Dvelis v New York State Dept. of Social Servs.,* 146 AD2d 875, 876-877, *lv denied* 74 NY2d 608). The sole claim raised and determined in *Wilson (supra)* was whether the "aid and attendance" allowance portion of a VAIP constituted income for posteligibility budgeting purposes. The tenth and eleventh causes of action of the subject petitions allege that those portions of a VAIP constituting a dependency benefit and unreimbursed medical expense allowance should not have been included as income in the budget process. Because petitioners' contention that these items are not part of the "aid and attendance" allowance is not controverted in this record, we conclude that the issues raised in the tenth and eleventh causes of action were not litigated in *Wilson,* and that Supreme Court erred in dismissing these causes of action on res judicata grounds. (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—art 78.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.