■ In the Matter of NANCY KULIKOWSKI, as Executrix of LIONEL PERSONS, Deceased, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent State Department of Social Services which partially denied Lionel Persons' application for medical assistance benefits.

Petitioner challenges a February 9, 1989 determination of respondent State Department of Social Services (hereinafter respondent) that Lionel Persons was ineligible for Medicaid benefits as the result of his uncompensated transfer of available resources to his wife. Petitioner concedes the transfer to Persons' wife of General Electric Company stock in the amount of $5,552.64 and a one-half interest in an Adirondack Trust savings account totaling $5,042.45, but contends that the subsequent payment by other family members of medical and legal expenses on Persons' behalf constitutes consideration for the transfer, and that the determination to the contrary is arbitrary and capricious and not supported by substantial evidence in the record.

We disagree. Respondent was entitled to reject the evidence offered by petitioner of the alleged payment of expenses on Persons' behalf by unnamed family members, unrelated in time or amount to the transfers made by Persons, including a bill for a $4,000 attorney's fee for "medicaid representation" which lacked detail as to the nature of services performed or any indication of their value to Persons *(see, Matter of Goomar v Ambach,* 136 AD2d 774, 777, *lv denied* 73 NY2d 701). In the absence of evidence to rebut the statutory presumption that the transfers were made for the purpose of qualifying for medical assistance *(see,* Social Services Law § 366 [5] [b] [2]; 18

NYCRR 360-4.4 [c]), respondent's determination is supported by substantial evidence *(see, Matter of Dvelis v New York State Dept. of Social Servs.,* 146 AD2d 875, 877, *lv denied* 74 NY2d 608; *Matter of Rizzuto v Blum,* 101 AD2d 699).

In view of the fact that petitioner did not prevail in this litigation, we need not consider her further claim of entitlement to counsel fees under 42 USC § 1988 *(see, Matter of Dvelis v New York State Dept. of Social Servs., supra,* at 878).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.