■ In the Matter of ANNA GIANGRANDE, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated July 12, 1989, which, after a hearing, confirmed a determination of the Suffolk County Department of Social Services denying the petitioner's application for medical assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On May 12, 1988, the petitioner, age 80, suffered a stroke

and underwent hospitalization. On May 23, 1988, the petitioner was transferred to a rehabilitation hospital where she began to receive "an alternative level of care". While there, on June 15, 1988, the petitioner transferred her homestead to her two daughters, retaining a life estate. On June 20, 1988, she entered a nursing home.

An application for medical assistance was made on the petitioner's behalf on or about October 6, 1988. The local Social Services agency denied the application on the ground that the homestead is a non-exempt resource, which was transferred within the 24-month period prior to the date of the application prescribed by Social Services Law § 366 (5). The Commissioner of the New York State Department of Social Services (hereinafter the Commissioner) confirmed that determination reasoning that the petitioner's homestead had lost its exempt status because the petitioner failed to overcome the presumption that she is an individual not expected to return home under the regulations (see, 18 NYCRR 360-1.4 [k] [2]).

The Commissioner's determination must be confirmed if it is supported by facts or reasonable inferences that can be drawn from the record and has a rational basis in the law (see, Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400). There is substantial evidence in the record to support the Commissioner's determination that the petitioner's house is a non-exempt resource. At the time the petitioner transferred her house to her two daughters she was in a medical facility and did not expect to return home. Thus, this property did not qualify as an exempt homestead (see, 18 NYCRR 360-1.4 [k]; 360-4.7 [a] [1]; Matter of Cacchillo v Perales, 172 AD2d 98). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.