■ In the Matter of HARRIET SOLARSKI, on Behalf of STANLEY D. SOLARSKI, SR., Petitioner, v MARY C. GLASS, as Commissioner of the New York State Department of Social Services, et al., Respondents. [638 NYS2d 812] —Yesawich Jr., J.

Upon reconsideration of its initial denial of petitioner's application (on behalf of her husband) for Medical Assistance benefits, the Saratoga County Department of Social Services (hereinafter the Department) again denied the application, on the ground that petitioner had failed to provide all of the requested documentation. In addition, it found that if she were to establish her husband's eligibility at a future date, the assistance available would be limited for a period of 25 months, because petitioner had transferred assets for less than their fair market value during the "look-back" period (Social Services Law § 366 [5] [d] [3], [4]). Petitioner requested and was afforded a fair hearing, after which the Administrative Law Judge (hereinafter ALJ) upheld the Department's determina-

tion as to the asset transfer. This challenge to that determination ensued.

The ALJ's conclusion that petitioner divested herself of approximately $100,000 just prior to applying for benefits, by granting her children an ownership interest in several bank accounts, was amply justified, given the statutory presumption that the creation of a joint bank account creates an equal ownership interest in each of the named owners (*see*, Banking Law § 675; *McGill v Booth*, 94 AD2d 928, 929). Petitioner presented no factual evidence to rebut this presumption; her conclusory averment that the two children's names were added to each account "for convenience purposes only", and her attorney's assertion that petitioner kept the passbooks and maintained control over the accounts, are entirely unsubstantiated (*compare*, *Matter of Phelps v Kramer*, 102 AD2d 908, 909). Accordingly, the ALJ did not err in finding that transfers had been made of two thirds of the funds in each account when the changes in ownership were effected (*see*, *Matter of Coughlin v Commissioner of Social Servs.*, 75 AD2d 895, 896; *Matter of Coddington*, 56 AD2d 697, 698).

Nor did petitioner present any convincing proof that the transfers were made solely for a reason other than to qualify for benefits (*see*, Social Services Law § 366 [5] [d] [3] [iii] [B]; *see also*, 42 USC § 1396p [c] [2] [C] [ii]). Again, although petitioner avers that the transfers were made for the purpose of avoiding probate, no evidentiary support for that bald assertion has been proffered. In view of the timing of the transfers, which were made just a few months before she applied for benefits, we cannot say that the ALJ erred in finding that petitioner had failed to make the requisite showing that the transfers were made for a purpose other than to obtain Medical Assistance coverage (*see*, *Matter of Kulikowski v New York State Dept. of Social Servs.*, 166 AD2d 858, 858-859; *Matter of Lipkin v New York State Dept. of Social Servs.*, 146 AD2d 964, 964-965).

Petitioner also contends that she was denied due process because the Department failed to provide her with a complete fair hearing summary, including copies of the documents to be produced at the hearing, within the time specified for doing so (*see*, 18 NYCRR 358-3.7). This argument is unavailing, for petitioner has failed to demonstrate that she suffered any prejudice as a result of the Department's failure to comply with the directory time limit imposed by the regulation (*see*, *Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 736). It is also noteworthy that she received the summary—

which clearly indicated which transfers were at issue and listed the documents (most of which were petitioner's own bank records) that would be relied upon—several days before the hearing and though she now complains of a lack of preparation time, she did not request an adjournment for that purpose.

Petitioner's other arguments have been considered and found wanting.

Mercure, J. P., Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.