■ In the Matter of STACEY A. LEDOVSKY, Petitioner, v BARBARA A. DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [736 NYS2d 85] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated March 18, 1998, which, after a hearing, confirmed a determination of the respondent Suffolk County Department of Social Services dated July 31, 1997, denying the application of the petitioner's decedent for medical assistance.

Adjudged that the petition is granted on the law, with costs, the determination is annulled, and the Suffolk County Department of Social Services is directed to grant the application for medical assistance.

Pursuant to the Social Services Law, where a child has resided in the parent's home for at least two years immediately before the date the parent becomes institutionalized, and provided care to the parent which permitted him or her to remain at home rather than be institutionalized, the transfer of the home to the child qualifies as an exemption in determining eligibility for medical assistance (see, Social Services Law § 366 [5] [c] [3] [i] [D]). In the instant case, the respondents determined that the transfer of the decedent's house to her daughter for below market value did not qualify for this exemption (see, *Matter of Giangrande v Perales,* 180 AD2d 736, 737). This determination was based on the fact that the decedent's daughter never changed her address with the Department of Motor Vehicles.

The determination should be annulled. The decedent's

daughter expressed her intention to live with her mother and care for her indefinitely, and, in fact, lived with and cared for her mother for three years. The petitioner established that such care included assistance with bathing, feeding, personal needs, shopping, cooking, administering medications, supervising visiting nurses, helping with speech therapy, and taking her mother for physical therapy and doctors' appointments. Under these circumstances, the respondents' determination was not supported by substantial evidence (*see, Matter of Cacchillo v Perales,* 172 AD2d 98; *Matter of Ruiz v Lavine,* 49 AD2d 1). Accordingly, the petition is granted, the determination is annulled, and the respondents are directed to approve the application for medical assistance. Ritter, Acting P.J., Smith, Adams and Cozier, JJ., concur.