■ In the Matter of RICHARD LEIBNER et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVA-

TION et al., Respondents. [738 NYS2d 65] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated March 16, 2000, which, after a hearing, denied the petitioners' application for a tidal wetlands permit to construct a walkway leading to a floating dock.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the matter is remitted to the respondents for further proceedings consistent herewith.

The petitioners own a vacation home located on Clam Pond, which is in the Village of Saltaire, on Fire Island. They sought permission to construct a walkway into Clam Pond leading to a floating dock. At a hearing before an Administrative Law Judge (hereinafter the ALJ), evidence was introduced that the project might have an impact on the marine life in the immediate vicinity of the proposed floating dock, which had a total area of 144 square feet. Although some concern was expressed as to the adverse impact on the shallow bottom by the propellors of motorboats, the ALJ discounted this concern, and there was no evidence that the petitioners owned a boat with a motor. There was also some evidence that a similar private dock had existed about two houses away since the early 1980's without any evidence of any undue adverse impacts on the tidal wetlands. The ALJ recommended that the petitioner's application be granted. The Commissioner of the New York State Department of Environmental Conservation (hereinafter the Commissioner), however, rejected the ALJ's recommendation, and denied the application.

It is well settled that in a proceeding pursuant to CPLR article 78, the Commissioner's factual determinations must be upheld if they are supported by substantial evidence (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230; 300 *Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra* at 180-181). In this case, while there was some evidence that the petitioners' proposed dock might have a limited impact on the immediate area, there was no evidence that these impacts would be unduly adverse to the environment (*see,* 6 NYCRR 661.9 [b] [1] [i]). Thus, the Commissioner's determination is not supported by substantial evidence, and must be vacated. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.