■ In the Matter of TARRYTOWN HALL CARE CENTER, as Assignee for the Estate of Margaret Traino, Deceased, Petitioner, v KEVIN M. McGUIRE, as Commissioner of the Westchester County Department of Social Services, et al., Respondents. [984 NYS2d 93]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health dated December 20, 2011, which, after a fair hearing, confirmed a determination of the Westchester County Department of Social Services dated September 2, 2010, denying the petitioner's application for an undue hardship exception to Medicaid ineligibility pursuant to 18 NYCRR 360-4.4.

Adjudged that the petition is granted, on the law, with costs, the determination dated December 20, 2011, is annulled, and matter is remitted to the New York State Department of Health to grant the petitioner's application for an undue hardship exception to Medicaid ineligibility pursuant to 18 NYCRR 360-4.4.

Margaret Traino (hereinafter the decedent) was admitted to a nursing home facility known as Tarrytown Hall Care Center (hereinafter Tarrytown Hall) in June 2008 to receive end-of-life care. After two months in residence, the decedent's condition improved, and she continued to reside at Tarrytown Hall until her death on April 9, 2011. During a portion of the period of time that the decedent was a resident of Tarrytown Hall, she was both insolvent and subject to a Medicaid penalty for transferring her assets below fair market value. Thus, for that period of time, the decedent was ineligible for Medicaid, and Tarrytown Hall did not receive payment for the nursing home services it provided to her.

Tarrytown Hall applied to the Westchester County Department of Social Services (hereinafter DSS) to receive Medicaid reimbursement for the penalty period, arguing that the decedent's case demonstrated "undue hardship" entitling her to an exception from Medicaid ineligibility pursuant to 18 NYCRR 360-4.4. The DSS denied the application, and Tarrytown Hall appealed the DSS's determination to the Office of Temporary and Disability Assistance, a division of the New York State Department of Health (hereinafter DOH).

At a fair hearing before the DOH, the director of social work at Tarrytown Hall testified with respect to the decedent's condition during the penalty period and Tarrytown Hall's inability to discharge her to an alternative institution for nonpayment. In a determination dated December 20, 2011, the Commissioner of the DOH confirmed the determination of the DSS denying Tarrytown Hall's application. The DOH concluded that Tarrytown Hall failed to show that the decedent was unable to obtain appropriate medical care without the provision of Medicaid and that, in the absence of such a showing, the decedent was not eligible for Medicaid under the undue hardship exception. The DOH found that Tarrytown Hall did not meet its burden of proving undue hardship because it did not attempt to evict the decedent, who continued to receive care at Tarrytown Hall during the penalty period.

In reviewing a Medicaid eligibility determination made after a fair hearing, the court must " 'review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law' " (*Matter of Rogers v Novello*, 26 AD3d 580, 581 [2006], quoting *Matter of Campbell v Commissioner of N.Y. State Dept. of Health*, 14 AD3d 766, 768 [2005]). Substantial evidence has been defined as "such

relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Loiacono v Demarzo*, 72 AD3d 969, 969-970 [2010]; *Matter of Gabrynowicz v New York State Dept. of Health*, 37 AD3d 464, 465 [2007]; cf. *Matter of Care v Wing*, 297 AD2d 809 [2002]; *Matter of Leibner v New York State Dept. of Envtl. Conservation*, 291 AD2d 558, 559 [2002]; *Matter of Ledovsky v DeBuono*, 290 AD2d 447 [2002]).

An individual will not be ineligible for Medicaid as a result of a transfer of assets if it is determined that the denial of eligibility will result in an undue hardship. An undue hardship occurs where the institutionalized individual is otherwise eligible for Medicaid, is unable to obtain appropriate medical care without the provision of Medicaid, and is unable to have the transferred assets returned (*see* 18 NYCRR 360-4.4).

Here, the DOH's determination that Tarrytown Hall failed to demonstrate undue hardship is not supported by substantial evidence. To the contrary, Tarrytown Hall established that the decedent was otherwise eligible for Medicaid, and further established that she was unable to obtain appropriate medical care without the provision of Medicaid by offering proof that the decedent was insolvent and unable to recover transferred assets, and that no nursing facility which could provide her with the necessary level of care would accept her. By offering this proof, Tarrytown Hall met the statutory and regulatory requirements for the undue hardship exception. The DOH has provided no authority, statutory or otherwise, for its conclusion that the commencement of an eviction proceeding was a mandatory prerequisite for demonstrating that the decedent was not able to obtain appropriate medical care and thus qualify for an undue hardship exception. We note that *Matter of Conners v Berlin* (105 AD3d 1208 [2013]) is factually distinguishable from this matter.

Accordingly, we annul the determination confirming the DSS's denial of Tarrytown Hall's application for an undue hardship exception to Medicaid ineligibility pursuant to 18 NYCRR 360-4.4, and remit the matter to the DOH to grant the application (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Ledovsky v DeBuono*, 290 AD2d at 448). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.