■ MARGARET M. McGILL,as Temporary Administratrix of the Estate of KATHRYN F. MURRAY, Deceased, et al., Appellants, v MARY A. BOOTH, Respondent, et al., Defendants. — Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered December 13, 1982, which granted defendant Mary A. Booth's motion for summary judgment dismissing the complaint. The decedent, Kathryn F. Murray, died on March 16, 1979, in Albany, New York, at 89 years of age. She resided with her invalid husband, plaintiff William J. Murray, then 87 years of age. Their life savings were represented by deposits in four separate banking institutions in accounts in the name of decedent, or decedent in trust for her husband. From early in 1972 until the time of her death, both Kathryn Murray and her husband were confined to their residence in the City of Albany because of ill health. Their sole source of income was from Social Security and a very meager pension. They were able to provide for their care during the week, with plaintiff administratrix, a sister of decedent's husband, attending to their needs every weekend. During this period, their financial affairs were administered by defendant Mary A. Booth, a niece of decedent. At some point during this seven-year period, Mary A. Booth's name appeared as a joint tenant on the savings accounts. By the fall of 1978, the entire proceeds of the accounts were exhausted. Mary Booth either admitted making the withdrawals, or did not recall particular transactions or for what purpose the proceeds of specific withdrawals were used. This action seeks, among other things, to recover the proceeds of those accounts. Originally, the four banking institutions were included as party defendants, but the complaint as to them was dismissed upon a motion for summary judgment and from which judgment and order there has been no appeal. Thus, the remaining defendant is Mary A. Booth, and the allegations of the complaint against her are for (1) conversion, and (2) breach of trust as a fiduciary in the withdrawal of funds from accounts upon which her name was placed only as a matter of convenience. Compensatory damages, punitive damages, and the imposition of a constructive trust upon property removed by Mary Booth is the relief sought by plaintiffs. This action was originally commenced in Supreme Court and subsequently transferred to Surrogate's Court. On this appeal, plaintiffs contend that the Surrogate erred in dismissing the complaint because the record demonstrates the presence of questions of fact on the issue of whether the accounts containing the name of Mary Booth were created merely as a matter of convenience, and, additionally, because the burden of proof to establish decedent's intent to create a survivor-

ship interest for defendant Booth in the joint account was, under the circumstances, upon defendant. We view these issues as the only ones remaining for our consideration, since there is no evidence in the record to support any claim of conversion of specific personal property from decedent's residence. Accordingly, the fifth cause of action containing such allegation was properly dismissed by the order appealed from. Moreover, there is no evidence that the bank accounts were opened without decedent's knowledge and consent. However, as to the remaining issues, we reach a different conclusion. Although the establishment of a bank account in the name of the depositor and another "payable to either or the survivor" constitutes prima facie evidence that a joint tenancy with right of survivorship was intended (Banking Law, § 675, subd [b]), this statutory provision has been held to give rise only to a presumption of a joint tenancy, which may be rebutted by a demonstration that the account was created as a matter of convenience for one cotenant and that no joint tenancy was intended (see *Matter of Hollweg,* 67 AD2d 1001). Since there is no dispute as to the form of the accounts, the presumption has attached and the issue is whether plaintiffs have raised issues of fact to rebut it (see *Matter of Coddington,* 56 AD2d 697). Clearly, the burden of refuting the presumption of the creation of a joint tenancy rests upon the one challenging it (Banking Law, § 675, subd [b]; *Matter of Kleinberg v Heller,* 38 NY2d 836; *Phillips v Phillips,* 70 AD2d 30). Here the record demonstrates more than the requisite proof to overcome the presumption. The incapacity of decedent, her reaction to realization of the circumstances of the exhaustion of the accounts, and the testimony of Mary Booth at her examination before trial, all raise substantial questions of fact as to the relationship and duties of Mary Booth and the intention of decedent in establishing the accounts in joint form, particularly when some of the accounts were Totten trusts for decedent's invalid husband (*Matter of Camarda,* 63 AD2d 837; *Matter of McMurdo,* 56 AD2d 602; *Moyer v Briggs,* 47 AD2d 64). Order modified, on the law and the facts, by reversing so much thereof as dismissed the fourth cause of action contained in the complaint alleging that the bank accounts were created as a matter of convenience only, and defendant Booth's motion denied as to said cause of action, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.