ELIZABETH C. ALWELL, Respondent, v WILLIAM W. ALWELL, Appellant.

Third Department, January 26, 1984

550

*Nolan & Hayner* (*Robert H. Hayner* of counsel), for appellant.

*Bacas & Krogmann* (*David B. Krogmann* of counsel), for respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff was granted a judgment of divorce on the grounds of cruel and inhuman treatment. Defendant appeals only that portion of the judgment pertaining to equitable distribution of the marital assets.

The parties were married on October 28, 1978 and initially took up residence in the City of Glens Falls, Warren County, subsequently moving to a house in the Town of Stillwater, Saratoga County, owned by defendant prior to the marriage. At the time of the marriage defendant was 42 years old and plaintiff was 49. During the marriage their earnings were relatively comparable; his gross salary was approximately $25,950 and hers $23,400. Each had a vested but unmatured pension in the New York State Teachers Retirement System. On April 10, 1980, they separated and the following November plaintiff initiated this action for divorce. While we concur in the trial court's finding that the parties treated the marriage as an economic partnership in which each had an equal interest, our treatment of their separate property and plaintiff's tax shelter annuity requires us to modify so much of the judgment appealed from as directed defendant to pay plaintiff $3,010.28 and failed to include a tax shelter annuity purchased by plaintiff as marital property subject to equitable distribution.

All agree that the marital residence was defendant's separate property acquired before the marriage, that he is to retain it, and that while married each party contributed $405 toward the mortgage and $1,115.28 for home improvements. Defendant does not question reimbursement to plaintiff of these sums, but does object to an award to her of $1,050, that being one half the amount by which the property had appreciated in value during the marriage. When defendant brought the real property to the marriage

in 1978, it was worth $22,000. Title was continued in his name alone and at the end of the marriage in 1980, the property was appraised at $24,100. Consistent with its conclusion that the marriage was an equal partnership, the court awarded plaintiff one half of $2,100, the net amount by which the property had increased in value over the life of the marriage.

■ Separate property by definition includes "the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law, § 236, part B, subd 1, par d, cl [3]). There being no showing that the increase in value of this property was merely the product of inflation or other market factors, the trial court quite properly found it to have been due in part to plaintiff's direct contributions reducing the mortgage debt and for home improvements. No evidence having been submitted regarding any indirect contribution by plaintiff, we find it unnecessary to reach the issue of whether it, too, should be a component in determining plaintiff's share of the appreciation (*Wood v Wood,* 119 Misc 2d 1076; *Jolis v Jolis,* 111 Misc 2d 965, 979-980). It is the trial court's allotment of the appreciation with which we disagree. Though copartners, the parties' contribution to the appreciated asset was far from equal. Defendant's investment comprised $23,520.28 while plaintiff's consisted of only $1,520.28. Given this disparity, apportionment of the appreciation equally was error for it resulted not in equitable but inequitable distribution (*Kobylack v Kobylack,* 96 AD2d 831). On remittal, the trial court should determine what proportion her investment in the residence bears to the total investment and award her appreciation accordingly.

■ Defendant also faults the trial court for deciding that corporate stock purchased by plaintiff with funds deposited in the parties' joint checking account was property separately owned by plaintiff. The definition of separate property as "property acquired before marriage" (Domestic Relations Law, § 236, part B, subd 1, par d, cl [1]) and "property acquired in exchange for * * * separate property" (Domestic Relations Law, § 236, part B, subd 1, par d, cl

[3]) mandates the trial court's conclusion. Early in the marriage, plaintiff sold real estate in Florida which she owned prior to the marriage and then deposited the proceeds in the couple's joint checking account. A portion of these proceeds was thereafter used to purchase 100 shares of Niagara Mohawk Power Corporation common stock; title to half the shares was placed in defendant's name, with the remaining half in plaintiff's name. Though the presumption that plaintiff was making a gift of these shares to defendant arises (Banking Law, § 675), the presumption was rebutted by evidence of the fact that title was placed in his name for tax purposes only. Thus, the trial court rightfully classified the shares as separate property belonging to plaintiff.

█ Adverting to the now accepted principle that pension benefits are marital property subject to equitable distribution to the extent such interest has accrued "during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (Domestic Relations Law, § 236, part B, subd 1, par c; *Damiano v Damiano,* 94 AD2d 132; *Reed v Reed,* 93 AD2d 105), defendant claims the trial court was mistaken when it determined that each party should be permitted to preserve their respective pension rights unencumbered by any claim of the other. The trial court based its decision on the "circumstances of this matter" and on *Kobylack v Kobylack* (110 Misc 2d 402). Although *Kobylack* has since been modified (96 AD2d 831, *supra*), we find the circumstances here to be such that the trial court's holding is correct. In *Kobylack,* the thrift fund in dispute was intended to be for the couple's retirement, thus creating in the wife a valid expectation of future enjoyment of the pension (*Majauskas v Majauskas,* 94 AD2d 494, 495-496). Moreover, the parties had been married for 10 years and the wife earned only 28% of the total marital income. In view of those circumstances, the rectitude of an award to the wife of 28% of all the marital property, including the thrift fund, is unchallengeable.

Herein, however, the trial court, after complying with section 236 (part B, subd 5, par d, cls [1] — [10]) of the Domestic Relations Law, found that this was a later life

marriage which endured only two years and in which both parties were employed at generally like salaries (see *Kruger v Kruger,* 73 NJ 464, 471). Though the court recognized that the pensions were marital property subject to equitable distribution and, further, that all other marital property, of which there was compartively little, had been divided equally, nevertheless it reasoned, quite correctly we believe, that each should receive his or her respective pension. Lending additional support to this determination is the fact that there were no children born of the marriage and both parties had basically equivalent vocational skills, work experience, good health and relative youth when they were divorced (see *Matter of Bentley v Knight,* 92 AD2d 638, 639).

■ Of the various other points pressed by defendant, the only remaining one meriting comment is the charge that the trial court erred in neglecting to rule that the tax shelter annuity purchased by plaintiff through payroll deductions of $150 per month from June, 1979 to March, 1980 was marital property subject to equitable distribution. Inasmuch as these deductions were made prior to the commencement of this matrimonial action and the property obtained thereby was acquired during the marriage, it does indeed constitute marital property and is, therefore, subject to equitable distribution (Domestic Relations Law, § 236, part B, subd 1, par c).

The judgment should be modified, on the law and the facts, by vacating the sixth decretal paragraph thereof wherein defendant was ordered to pay plaintiff a net award of $3,010.28; the matter remitted to Trial Term for determination of (1) the issue of apportionment of the appreciation in value of defendant's real property and (2) the appropriate disposition of the tax shelter annuity; and, as so modified, affirmed, without costs.

MAHONEY, P. J., MAIN, MIKOLL and WEISS, JJ, concur.

Judgment modified, on the law and the facts, by vacating the sixth decretal paragraph thereof wherein defendant was ordered to pay plaintiff a net award of $3,010.28; matter remitted to Trial Term for determination of (1) the issue of apportionment of the appreciation in value of

defendant's real property and (2) the appropriate disposition of the tax shelter annuity; and, as so modified, affirmed, without costs.