■ MARY BETTINO, Respondent, v ANTHONY BETTINO, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered July 19, 1984, which, *inter alia,* upon deeming a branch of the plaintiff wife's postjudgment application "as one to vacate" the judgment of divorce dated October 10, 1980, granted that branch of the motion to the extent of directing a hearing pursuant to CPLR 5015 (a) (3) to determine whether the judgment was the product of "fraud, misrepresentation or other misconduct on the part of defendant", and (2) so much of a second order of the same court, entered August 28, 1984, as denied his motion for a protective order vacating plaintiff's demand for financial disclosure.

Appeal taken as of right from stated portions of the order

entered July 19, 1984 dismissed, without costs or disbursements. An order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right (*Bagdy v Progresso Foods Corp.,* 86 AD2d 589; *Astuto v New York Univ. Med. Center,* 97 AD2d 805).

Defendant's notice of appeal is deemed an application for leave to appeal from the aforementioned stated portions of the order entered July 19, 1984. Application granted.

On appeal by permission, order entered July 19, 1984 reversed, insofar as appealed from, without costs or disbursements, plaintiff's motion denied in its entirety, and matter remitted to the Supreme Court, Westchester County, for determination of that branch of defendant's cross motion which sought an award of counsel fees.

Appeal from the order entered August 28, 1984 dismissed as academic, without costs or disbursements.

The principal branch of plaintiff's application sought to vacate the judgment of divorce between the parties which had been rendered more than 3 1/2 years earlier in accordance with their settlement agreement. In support, plaintiff alleged that the underlying settlement agreement was unfair, unknowingly executed and the product of defendant's misconduct. Even if we were to find that plaintiff's allegations, which, for the most part, are vague and conclusory, were sufficiently particularized to warrant a hearing on that branch of her motion (*cf. Chasin v Chasin,* 98 AD2d 788), we would nonetheless conclude that it should have been denied without the necessity of a hearing. By accepting the benefits of the judgment and acquiescing in it for a period of more than 3 1/2 years, plaintiff effectively waived her right to make such a challenge (*cf. Sheindlin v Sheindlin,* 88 AD2d 930, *appeal dismissed* 57 NY2d 775; *Barry v Barry,* 100 AD2d 920, *affd* 64 NY2d 627; *Stoerchle v Stoerchle,* 101 AD2d 831). The plaintiff's remaining requests for relief were dependent upon her application to vacate the judgment of divorce and therefore should have been denied in their entirety.

Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.