■ RUTH M. WIERCINSKI, Respondent, v JOSEPH A. WIERCINSKI, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court ordering equitable distribution of the parties' marital property, entered January 31, 1984 in Tioga County, upon a decision of the court at Trial Term (Fischer, J.), without a jury.

The sole issue raised upon this appeal is whether funds received by defendant as Social Security disability payments should be considered marital property for the purpose of equitable distribution.

The facts are not complicated. After more than 30 years of marriage, the parties were divorced on April 19, 1982. Thereafter, a hearing was held to determine the equitable distribution of the marital property. The trial court, in a lengthy and detailed decision, equitably distributed a wide variety of these assets. The only disputed item is the equal division of Social Security disability benefits defendant and various members of his family have received since defendant became permanently disabled in 1976. These funds were deposited into a separate joint savings bank account in the name of both parties, which they referred to as the "pacemaker account". The record establishes that the funds were generally accumulated in savings, while defendant utilized disability income from his employer for the day-to-day living expenses of the family. Defendant's argument that the Social Security disability payments made to him should not be included as marital property, since these payments were exempt from the claims of creditors (42 USC § 407 [a]), was rejected by the court. This appeal ensued.

We affirm. In *Matter of Sharlot v Sharlot* (110 AD2d 299), this court recently determined in the context of a support and maintenance proceeding that Social Security disability benefits are not exempt from garnishment or levy under 42 USC § 407 (a). While 42 USC § 407 (a) imposes a broad bar against the use of legal process to deprive a beneficiary of Social Security benefits, it was never intended to shield a beneficiary

from his familial obligations as distinguished from the claims of creditors *(supra,* p 300). The same analysis holds true here, since equitable distribution of the marital assets constitutes an essential familial obligation. Defendant's reliance on *McCarty v McCarty* (453 US 210) and *Hisquierdo v Hisquierdo* (439 US 572) is misplaced, for those cases involved future military nondisability retirement pay and Railroad Retirement Act benefits, respectively. The Federal interests compromised in those cases simply are not present here, where the disability benefits in issue were already paid and accumulating in a joint family bank account. Accordingly, the disability funds paid to defendant and accumulated in the "pacemaker account" were not statutorily exempt from inclusion as marital property.

Defendant further maintains that his Social Security disability payments were the equivalent of "compensation for personal injuries" and thus properly classified as separate property not subject to equitable distribution (Domestic Relations Law § 236 [B] [1] [d] [2]). We recognize that to the extent disability payments constitute compensation, for personal injuries, as opposed to deferred compensation, such payments are treatable as separate property *(see, West v West,* 101 AD2d 834). Assuming, without deciding, that defendant is correct in his characterization of these funds, we find that the funds became marital property when placed in the joint "pacemaker account". Banking Law § 675 (b) gives rise to a presumption that the parties to a joint bank account are entitled to equal shares of that account *(see, Matter of Phelps v Kramer,* 102 AD2d 908; *Alwell v Alwell,* 98 AD2d 549, 552; *McGill v Booth,* 94 AD2d 928). The burden of refuting this presumption rests on the one challenging it *(McGill v Booth, supra,* p 929). Here, no evidence was presented to establish that the "pacemaker account" was simply one of convenience *(cf. Matter of Phelps v Kramer, supra,* p 909). To the contrary, defendant testified that the funds were "meant for the whole family" and were occasionally used to cover certain household expenses. Moreover, plaintiff was allowed to make at least one withdrawal. In our view, defendant failed to rebut the presumption that a gift of these funds was made *(cf. Alwell v Alwell, supra,* p 552). Accordingly, the funds became marital property subject to equitable distribution.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.

■ GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA,