■ FRANCES M. ROBERTS, Respondent, v REGINALD D. ROBERTS, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 10, 1986 in Sullivan County, which denied defendant's motion to modify a default judgment of divorce in order to provide for equitable distribution of the parties' marital property.

Plaintiff and defendant were married in October 1976. The marriage produced two children. During the marriage, the parties purchased a house in Livingston Manor, Sullivan County. Title was held solely in plaintiff's name, although the money used to purchase the house originated from an inheritance of defendant.

In 1984, defendant left his wife and children. In January

1986, plaintiff commenced this matrimonial action. The sole relief sought was a judgment of divorce on the ground of abandonment, and custody of the two children. No request was made for a determination of the rights of the parties in their separate or marital property. After being served with the summons and complaint, defendant met with plaintiff's attorney and discussed the possibility of reconciliation. Defendant contends that his wife's attorney informed him that he would speak to plaintiff about withdrawing the action, but that he never heard from the attorney until after the default judgment had been rendered. The attorney denies this allegation, asserting that defendant was informed that the divorce action was going to proceed.

In April 1986, defendant received the judgment of divorce. The judgment made no reference to any distribution of marital property. The parties had not entered into a separation agreement distributing their property. After receiving the judgment of divorce, defendant retained an attorney. By motion dated June 30, 1986, defendant moved to modify the default divorce judgment in order to provide for the equitable distribution of the marital property. Supreme Court denied the motion upon the ground that the marital property had "already been substantially equitably distributed". This appeal followed.

We reverse. Domestic Relations Law § 236 (B) (5) (a) provides that, except where the parties have entered into an agreement for the disposition of their property as authorized by Domestic Relations Law § 236 (B) (3), "the court, in an action wherein all or part of the relief granted is divorce * * * shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (emphasis supplied). Here, the parties did not enter into a duly executed agreement distributing their property. Nor were relevant factual findings made and the property distributed by Supreme Court in compliance with Domestic Relations Law § 236 (B) (5) (d) and (g). The court's conclusion that the marital property had been "substantially equitably distributed" is unsupported by the record and, even assuming such a division of assets has occurred, it was not done in compliance with the Domestic Relations Law. Defendant does not seek to contest the granting of the judgment of divorce or the award of custody contained therein. In his motion, which was made promptly after receiving the default judgment, he merely sought distribution of the marital assets. Under the circumstances present

in this case, we conclude that Supreme Court should have granted defendant's motion.

Order reversed, on the law and the facts, without costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.