210

[611 NYS2d 666]

Barbara A. Viviano, Respondent, v Kenneth R. Allard, Appellant.

Third Department, May 5, 1994

APPEARANCES OF COUNSEL

*Morton D. Shulman,* Averill Park *(Robert G. Randall, Jr.,* of counsel), for appellant.

*Howard Alpert,* Albany, for respondent.

OPINION OF THE COURT

WHITE, J.

The parties were married on October 31, 1968 and a divorce action was commenced by plaintiff on April 7, 1982. During the pendency of the divorce action, full financial disclosure was made and all marital property was disposed of by the parties prior to a judgment of divorce being granted on August 30, 1984. Because all marital property had been distributed, there was no equitable distribution by the court. During the marriage defendant worked approximately 12½ years for Continental Can Company, but his employment with the company was terminated due to the closing of its Albany plant in February 1980 prior to the commencement of the divorce action.

In April 1983 three class action lawsuits were commenced in the United States District Court for the District of New Jersey against Continental Can and related defendants on behalf of a plaintiff class of certain former employees who were members of the United Steel Workers, alleging improper termination of their employment and claiming various damages, including loss of wages, earning capacity, health insurance, pension benefits and other consequential damages. On December 19, 1990 these actions were settled by the establishment of a $415 million settlement fund which was to be distributed to the class members pursuant to a plan to be developed by a Special Master and thereafter approved by the District Court. It is conceded that defendant is a member of the class and will obtain a monetary award as a result of this settlement. Plaintiff did not learn of the lawsuit or settlement until she received a notice dated September 2, 1992 from the District Court directed to former spouses of Continental Can employees who were members of the class. This notice advised of the distribution and indicated that any claim she might wish to make should be filed on or before December 1, 1992. This postjudgment application for relief in the divorce action ensued.

Supreme Court directed that a hearing be held to determine the equitable distribution of defendant's portion of the settlement, holding that the proceeds of the class action settlement, if known at the time of the matrimonial action, would have been dealt with as marital property pursuant to Domestic

Relations Law § 236 (B) (1) (c). The court found that due to the unusual circumstances of this case plaintiff was entitled to an opportunity to seek equitable distribution of an asset unknown to either party at the time of the divorce.

Normally the provisions of a judgment of divorce are final and binding on the parties and not open to collateral attack, and Domestic Relations Law § 234 does not authorize litigants to endlessly commence separate actions to adjudicate issues which could have been, but were not, raised in a prior matrimonial action *(see, Rainbow v Swisher,* 72 NY2d 106; *Boronow v Boronow,* 71 NY2d 284). However, while the doctrine of res judicata precludes piecemeal litigation, in a situation such as this where unusual circumstances exist and a party has not had a full and fair opportunity to litigate a substantial issue, an opportunity should be given to the party to assert the claim *(see, Alster v Alster,* 159 AD2d 671; *Roberts v Roberts,* 138 AD2d 791). Furthermore, the courts have consistently held that the Legislature intended in defining marital property for the term to be construed broadly to give effect to the economic partnership concept of the marriage relationship *(see, Price v Price,* 69 NY2d 8). In contrast, separate property is an exception to marital property and should be construed narrowly *(see, Majauskas v Majauskas,* 61 NY2d 481).

In *Olivo v Olivo* (82 NY2d 202), a former wife, who was entitled to share in her former husband's pension, was not entitled to share in the benefits of an early retirement incentive package accepted by the husband subsequent to the divorce, except for that portion of the package which enhanced the pension benefits payable to the employee. The Court of Appeals, following its holdings in *Dolan v Dolan* (78 NY2d 463) and *Majauskas v Majauskas (supra),* stated that if the rights to compensation were earned in part during the marital years a former spouse should share in the compensation pro rata, thus differentiating between benefits *deferred* until some time after the divorce and benefits *created* after the divorce.

In the instant case it appears that some, if not all, of the benefits to be distributed to defendant were earned during the years that the parties were married and thus would become marital property subject to equitable distribution. Because plaintiff has not had an opportunity to litigate this issue, we find that the unusual circumstances referred to in *Rainbow v Swisher* (72 NY2d 106, *supra)* are present. Therefore, we hold that Supreme Court's finding was correct and a hearing

should be held to determine, in accordance with the rules formulated in *Olivo v Olivo (supra),* what portion of defendant's class action settlement constitutes benefits subject to equitable distribution.

CARDONA, P. J., MERCURE, WEISS and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, without costs.