■ FRANCES PRINCIPE, Respondent, v RALPH PRINCIPE, Appellant. [644 NYS2d 1005] —In a matrimonial action in which the parties were divorced by a judgment dated January 18, 1991, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Corso, J.H.O.), dated February 8, 1995, as (1) upon reargument, adhered to the original determination made in an order and judgment (one paper) dated June 26, 1992, granting equitable distribution of the marital assets, and (2) granted the plaintiff wife's cross motion to compel the sale of certain real property in the marital estate, with the proceeds paid to her as receiver, with said funds to be held in a designated depository pending further order of the court.

Ordered that the order is modified, on the law, by deleting the provision thereof which adhered to so much of the determination in the order and judgment dated June 26, 1992, as directed the defendant husband to pay to the plaintiff wife the sum of $483.90 each month, representing "one half the difference between the total of [the husband's] Consolidated Edison

pension and his monthly Social Security benefits and the Social Security benefit being received by [the wife]"; as so modified the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order and judgment dated June 26, 1992, as directed the husband to pay the wife the sum of $483.90 per month is vacated, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing to determine what portion of the husband's supplemental pension benefit is compensation for money earned during the course of the marriage, and for a determination of the parties' equitable shares of the husband's pension and the supplemental pension benefit, without inclusion of the parties' Social Security benefits.

The Judicial Hearing Officer (hereinafter JHO) erroneously included the parties' Social Security benefits in the equitable distribution of marital property. Social Security benefits are not a pension and are preempted by Federal law from being subject to equitable distribution (*see, Thomas v Thomas,* 221 AD2d 621; *Wiercinski v Wiercinski,* 116 AD2d 789; *cf., Graby v Graby,* 87 NY2d 605). Additionally, those amounts of the husband's pension, deemed "supplemental" and comprising payments on a settlement in an age discrimination class action, or comprising disability benefits, should not have been summarily included in the equitable distribution, as money earned during the course of the marriage. A hearing is necessary to determine whether and what amount of the supplemental benefit comprises marital property (*see, Viviano v Allard,* 197 AD2d 210).

Additionally, the JHO properly granted the wife's motion to compel the sale of the husband's Long Island house and to appoint the wife as receiver, where the husband had not complied with the provisions of the order and judgment dated June 26, 1992, which directed him to pay the wife certain sums, had a history of failing to adequately account for the dissipation of marital property and the separate property of the wife, and had failed to abide by a number of the JHO's previous directives (*see,* Domestic Relations Law § 236 [B] [9] [a]; *Brian Maloney, M.D., P. C. v Maloney,* 140 Misc 2d 852).

The husband's remaining contentions are in part unpreserved for appellate review, and, in any event, without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.