■ GEORGE J. ALBERT, Respondent, v FRANCES V. SCHOENLEIN, Formerly Known as FRANCES V. ALBERT, Appellant. [645 NYS2d 907] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered July 27, 1995 in Albany County, which, *inter alia*, granted plaintiff's motion for summary judgment dismissing defendant's claim for equitable distribution, and (2) from the judgment entered thereon.

In its 1984 decision granting the parties a divorce, Supreme Court stated that their marital property "has heretofore been divided to the satisfaction of the parties"; the judgment itself, however, contained no reference to any distribution of property. In 1990, plaintiff commenced an action for partition of the former marital residence, in which defendant had apparently continued to reside for several years after the divorce.

Defendant answered, interposing counterclaims for, *inter alia,* equitable distribution of the parties' marital property, and plaintiff replied. Defendant thereafter commenced a separate action, again seeking equitable distribution. The two actions were subsequently consolidated by court order upon the parties' stipulation.

Plaintiff subsequently moved, pursuant to CPLR 5019 (a), to amend the 1984 judgment of divorce to incorporate Supreme Court's contemporaneous finding of fact with respect to the parties' prior division of their marital property and for summary judgment dismissing defendant's equitable distribution claims. Supreme Court denied the request for amendment, reasoning that its finding that there was no property subject to distribution had rendered it unnecessary to issue any explicit direction with respect thereto in the judgment and, thus, that the decision and judgment were not inconsistent. The court also granted plaintiff's motion to dismiss defendant's equitable distribution claims, finding further litigation of that matter barred by res judicata; this appeal by defendant followed.

An affirmance is dictated. Defendant's initial contention that the divorce judgment is without legal force is unconvincing. This is not an instance where Supreme Court entered a judgment of divorce while reserving decision with respect to ancillary matters, such that its decree should properly be interpreted as no more than a declaration of an intention to divorce the parties in the future (*see, Sullivan v Sullivan,* 174 AD2d 862, 862-863).

To no avail also is defendant's claim that Supreme Court wrongly found that the parties had already divided their property to the satisfaction of each and, concomitantly, failed to explicitly address the factors to be considered when distributing marital property (*see,* Domestic Relations Law § 236 [B] [5] [g]). These arguments go to the merits of the divorce judgment, and inasmuch as that judgment was entered upon defendant's default, her sole remedy with respect thereto is to move to vacate the default, which she has not done (*see, Podolsky v Podolsky,* 119 AD2d 740; *cf., Roberts v Roberts,* 138 AD2d 791, 792).

Nor did Supreme Court err in holding that the divorce decree precludes consideration of defendant's equitable distribution claims, which plainly could have been litigated in that action (*see, Rainbow v Swisher,* 72 NY2d 106, 110; *Boronow v Boronow,* 71 NY2d 284, 290-291). Her assertion that she did not have a full and fair opportunity to litigate the issue of equitable distribution in the prior proceeding (*see, McNeary v Sene-*

*cal*, 197 AD2d 835, 836) is not at all persuasive, for she was expressly notified by the terms of the summons served upon her in the divorce action that issues of equitable distribution would be addressed therein. And, it appears from the record that she had ample opportunity to have her "day in court" at that time (*see, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72). Having made a conscious choice, for reasons known only to her, not to contest plaintiff's allegations at the time, or for six years thereafter, defendant may not do so now.

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.