■ EDWARD J. SIVIGNY, JR., Appellant, v KAREN F. SIVIGNY, Respondent. [653 NYS2d 328] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered November 22, 1995, awarding defendant wife a judgment of arrears of $8,250, directing plaintiff husband to post security of $25,000, and, in the event he fails to do so, granting defendant leave to seek an ex parte order of sequestration and appointment of a receiver, and awarding defendant counsel fees of $1,500, unanimously modified, on the law and the facts, to vacate the award of attorneys' fees and the direction to post security, and all references to a future receivership and future sequestration, without prejudice to defendant's seeking the vacated relief upon notice and an appropriate showing, and otherwise affirmed, without costs.

While a hearing is not necessarily required for the grant of sequestration under Domestic Relations Law § 243 (*see, Adler v Adler*, 203 AD2d 81), sequestration is a drastic remedy that should be granted only upon a showing of necessity, such as a consistent pattern of arrears or a willful violation of a court order directing payment of arrears (*Manno v Manno*, 224 AD2d 395, 401). Here, while the fact of some arrears is sufficiently established, defendant's claims of an extensive pattern of such, and of plaintiff's evasions of service of process, are too conclusory to warrant section 243 relief. Similarly, the request for counsel fees is unsupported by any factual basis upon which the court could have calculated an appropriate fee, and the court failed to make factual findings in this regard. Concur— Murphy, P. J., Wallach, Nardelli and Williams, JJ.