■ ARTHUR COOK, Appellant, v LOVELL COOK, Respondent. LOVELL COOK, Respondent, v ARTHUR COOK, Appellant. [687 NYS2d 368] —Order, Supreme Court, Bronx County (Judith Gische, J.), entered on or about July 30, 1997, in action bearing Index No. 3804/97, which, in an action by plaintiff former husband against defendant former wife seeking equitable distribution with respect to the alleged former marital residence, granted the former wife's motion to dismiss the action on the ground of res judicata based on a prior default judgment of divorce, unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 17, 1998 (erroneously dated 1997), in action bearing Index No. 3689/91, which denied the former husband's motion pursuant to CPLR 5015 (a) (1) to vacate the default judgment of divorce to the extent of reopening the issue of equitable distribution with respect to the alleged former marital residence, unanimously affirmed, without costs.

The motion court correctly held that the 1991 default judgment of divorce, notwithstanding its failure to set forth any provisions for distribution of property as mandated by Domestic Relations Law § 236 (B) (5) (a), constitutes res judicata barring the former husband from commencing a subsequent separate action asserting an equitable distribution claim, which issue he had a full and fair opportunity to litigate in the original divorce action (*see, Boronow v Boronow*, 71 NY2d 284; *Albert v Schoenlein*, 229 AD2d 813). The motion court also properly exercised its discretion in denying the former husband's subsequent motion to vacate the default judgment of divorce to the extent of reopening the issue of equitable distribution with respect to the alleged former marital residence, in view of his unexcused and deliberate default in the divorce action (*see, e.g., Estate of Allen v Allen*, 258 AD2d 423), his failure to seek such vacatur for approximately six years after entry of the judgment and his receipt of a copy thereof, and his acceptance of the benefits of the judgment by remarrying. Under these circumstances, the former husband effectively waived any claim to equitable apportionment of the value of the alleged former marital residence and it was unnecessary to consider whether he would have had a meritorious claim to such an award in the absence of such waiver (*see, Bettino v Bettino*, 112 AD2d 181, 182). Concur—Ellerin, P. J., Tom, Wallach and Saxe, JJ.