OPINION OF THE COURT
Andrew P. Bivona, J.
*553 The application was brought on by way of order to show cause returnable in this court on April 21, 2004. The matter was adjourned until May 12, 2004. The defendant did not file any papers in opposition though she appeared before the undersigned and denied the application stating that she could not afford an attorney. The plaintiff was represented by Peter D. Bar-let, Esq. The matter was marked submitted for written decision.
These parties were married for a total of 36 years having taken their vows in 1964 and finally divorcing in 2000. However, they had physically separated in 1984 and the divorce was commenced in 1999. During the marriage the plaintiff worked for the County of Orange and at the time the parties separated the plaintiff had worked for the Orange County Sheriffs Department for a period of six years. He was still employed there at the time of the divorce. The primary marital asset, the pension from the Sheriffs Department, was the center of the controversy at the time of the divorce.
The plaintiffs position regarding the pension was that the respondent should receive the marital share of the pension for the six-year period that he was employed by the Sheriffs Department that the parties were residing together pursuant to Majauskas v Majauskas (61 NY2d 481 [1984]). It was the defendant’s position that she should receive the share based on the number of years the parties were actually married prior to the commencement of the divorce in 1999 even though the parties had not lived together for 15 years at that time. The parties compromised and agreed that the first 10 years of the pension would be deemed marital property and that the defendant’s share would be valued as of the date of the filing of the summons on October 25, 1999. That compromise was memorialized in a settlement placed on the record in open court and incorporated but not merged in the parties’ judgment of divorce. This provision of the parties’ agreement was also set forth in the judgment of divorce.
Subsequent to the divorce, New York State offered a retirement incentive package which resulted in the plaintiff receiving additional credit for the years he worked for the County of Orange and consequently an enhanced pension. As a result he was able to upgrade his Tier 3 status to Tier 1 and have his pension rights commence in 1965 rather than 1978. In his moving papers he states that he decided to retire after consulting with retirement personnel and ascertaining the amount of his and his former spouse’s pension benefit. He further states that *554 upon officially retiring, the anticipated pension benefits were readjusted resulting in his benefit being reduced and the defendant’s benefit being increased. By this application he seeks to have his ex-wife’s pension benefits limited to the 10-year period set forth in the parties’ settlement agreement and judgment of divorce.
Settlement agreements are subject to and bound by the principles of contract law and interpretation (Rainbow v Swisher, 72 NY2d 106, 109 [1988]). “Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence” (id. at 109 [citations omitted]).
Likewise, “a final judgment of divorce issued by a court having both subject matter and personal jurisdiction has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated” (id. at 110 [citations omitted]). However, in dicta, the Court of Appeals acknowledged that there may be “unusual circumstances” (id. at 110) which would relieve a party of the final and binding provisions of a judgment.
In Olivo v Olivo (82 NY2d 202 [1993]) the parties had agreed that the wife would receive the Majauskas share of the husband’s pension benefit. Subsequent to the divorce, an incentive package, which included an enhanced pension, was offered which induced the ex-husband to retire earlier than anticipated. Part of the issue presented was whether the ex-wife was entitled to share in the enhanced pension benefit. The Court of Appeals held that she was entitled to do so. Specifically, the Court reasoned: “What the nonemployee spouse possesses, in short, is the right to share in the pension as it is ultimately determined. When Mr. Olivo accepted an early retirement package that enhanced his pension, it perforce enhanced Mrs. Olivo’s share in that pension as well” (id. at 210).
The Court went on to state that the parties’ agreement as to the pension rights upon terminating the marriage gave the wife “an entitlement to share in her former husband’s pension, not an entitlement to a fixed sum or even to a particular methodology of calculating the pension benefit” (id. at 210).
It is clear that the time period for which the plaintiff was granted the additional years of credit was during the time of the parties’ marriage and therefore would be marital property (id.). The issue presented here is whether the defendant is bound by *555 the provision in the parties’ stipulation placed on the open record wherein the defendant agreed to accept the first 10 years of Mr. Jones’ employment with the Sheriffs Department as her Majauskas share of the plaintiffs pension. It is undisputed that at the time of the divorce neither party was aware of the incentive package which would be offered by the State.
In Viviano v Allard (197 AD2d 210 [1994]), after the parties were divorced the wife was advised that she would receive a monetary award as a result of a class action brought against one of her former employers where she had been employed during the parties’ marriage. At the time of the divorce there had been full financial disclosure and neither party was aware of the class action suit. As to the proceeds of the class action suit, the Third Department found:
“In the instant case it appears that some, if not all, of the benefits to be distributed to defendant were earned during the years that the parties were married and thus would become marital property subject to equitable distribution. Because plaintiff has not had an opportunity to litigate this issue, we find that the unusual circumstances referred to in Rainbow v Swisher (72 NY2d 106, supra) are present” (Viviano v Allard, supra at 212).
It is apparent to this court that this is a situation to which the unusual circumstances exception would apply. As in Viviano v Allard (supra), here there is no question that the pension benefits offered in the incentive package were as a result of employment during the time period when the parties were married and living together. As such, it is indisputable that the benefits would have been marital property subject to equitable distribution at the time of the divorce. Simply stated, this was marital property of which neither party was aware at the time of the divorce and therefore they did not have an opportunity to litigate the issue. Accordingly, the matter must be set down for hearing.