■ NATHAN BLUMES, Respondent, v INBAR BLUMES MADAR, Appellant. [800 NYS2d 580]—

In a matrimonial action in which the parties were divorced by judgment dated November 15, 2001, the defendant appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated May 3, 2004, as denied those branches of her motion which

were (a) to vacate an order of the same court (G. Garson, J.) dated December 13, 2000, (b) to vacate an ex parte order of the same court dated December 14, 2000, and a warrant of arrest also dated December 14, 2000, (c) to vacate so much of an order of the same court dated December 21, 2000, as granted those branches of the plaintiff's motion which were to set aside the custody, visitation, and child support provisions of the parties' separation agreement, and (d) to disqualify the plaintiff's counsel, and held in abeyance that branch of her motion which was to vacate the judgment of divorce entered upon her default in appearing at trial and directed counsel for each party to submit briefs on or before May 24, 2004, (2) from an order of the same court (Ambrosio, J.) dated June 3, 2004, which "deemed abandoned" that branch of her motion which was to vacate the judgment of divorce, and (3), as limited by her brief, from so much of an order of the same court (Ambrosio, J.) dated August 9, 2004, as, in effect, upon reargument, denied that branch of her motion which was to vacate the judgment of divorce on the ground that she was equitably estopped from challenging the grounds for the divorce.

Ordered that the appeal from so much of the order dated May 3, 2004, as denied those branches of the defendant's motion which were to vacate the order dated December 13, 2000, and the ex parte order dated December 14, 2000, is dismissed as academic; and it is further,

Ordered that the appeal from so much of the order dated May 3, 2004, as held in abeyance that branch of the defendant's motion which was to vacate the judgment of divorce and directed counsel to submit briefs is dismissed, as that order failed to determine that branch of the motion (see Katz v Katz, 68 AD2d 536, 542-543 [1979]); and it is further,

Ordered that the appeal from the order dated June 3, 2004, is dismissed, as that order was superseded by the order dated August 9, 2004, made upon reargument; and it is further,

Ordered that the order dated May 3, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated August 9, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Since the Supreme Court, after a hearing, issued a final order of custody and visitation dated May 26, 2005, the appeal from so much of the order dated May 3, 2004, as denied those branches of the defendant's motion which were to vacate the order dated December 13, 2000, and the ex parte order dated

December 14, 2000, at least insofar as those orders addressed the issues of custody and visitation, has been rendered academic (*see Matter of Eleanore B.R. v Shandy S.*, 12 AD3d 1101 [2004]; *Gillard-Holmes v Persico*, 225 AD2d 519 [1996]; *Matter of Nicotera v Nicotera*, 222 AD2d 892 [1995]).

To the extent that the defendant sought to vacate the entire judgment of divorce on the ground of misconduct of an adverse party (*see* CPLR 5015 [a] [3]), that branch of her motion was properly denied, as she failed to meet her burden of establishing misconduct on the part of the plaintiff or his attorney sufficient to entitle her to vacatur of the judgment of divorce (*see Badgett v Badgett*, 2 AD3d 379 [2003]). To the extent that she sought vacatur of various provisions of the judgment of divorce on the ground that such relief was not requested in the summons with notice, that branch of her motion was also properly denied. Having accepted the benefits of the judgment by remarrying and acquiescing in it for a period of more than two years, the defendant effectively waived her right to make such a belated challenge (*see Cook v Cook*, 260 AD2d 160 [1999]; *Bettino v Bettino*, 112 AD2d 181 [1985]). In any event, the Supreme Court, in effect, vacated the custody provision of the judgment of divorce in the final order of custody and visitation dated May 26, 2005.

The Supreme Court properly denied that branch of the defendant's motion which was to disqualify the plaintiff's attorney on the ground that he was a material witness regarding those branches of her motion which were to vacate certain orders. The defendant failed to raise any issue of fact requiring an evidentiary hearing to resolve those branches of her motion (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437 [1987]).

The defendant's remaining contentions are without merit. Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.