■ Marina Zaharatos, Respondent, v John Zaharatos, Appellant. [22 NYS3d 480]—

Appeal from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated November 5, 2014. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to enforce the provisions of the parties' judgment of divorce relating to child support and exclusive occupancy of the former marital residence, and for attorney's fees to the extent of directing a hearing on the issue of reasonable attorney's fees.

Ordered that the appeal from so much of the order as directed a hearing on the issue of reasonable attorney's fees is dismissed, as that portion of the order is not appealable as of

right, and leave to appeal has not been granted (*see Ross v Ross*, 63 AD3d 714 [2009]; *Palma v Palma*, 101 AD2d 812 [1984]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were divorced by a judgment dated November 2, 2006, which awarded the plaintiff child support and exclusive occupancy of the former marital residence. In 2011, the plaintiff moved by order to show cause to hold the defendant in contempt for failing to comply with the terms of the judgment of divorce, to enforce the judgment by awarding her child support arrears, to direct that the defendant be removed from the former marital residence, and for attorney's fees (hereinafter the enforcement motion). The defendant cross-moved to vacate the judgment of divorce on the grounds of fraud and lack of personal jurisdiction, asserting that he had not been served with the summons with notice and that his signature on an affidavit submitted by the plaintiff, wherein he appeared in the action and consented to it being immediately placed on the uncontested divorce calendar, was a forgery. In an order dated June 14, 2012, the Supreme Court granted the defendant's cross motion to the extent of directing a hearing on the defendant's allegations. The enforcement motion was held in abeyance pending a determination by a referee.

After the hearing, the referee issued a report recommending that findings be made that the plaintiff established that personal jurisdiction over the defendant was obtained by service upon him of the summons with notice, and that the defendant failed to prove that the judgment of divorce was obtained as a result of forgery and fraud on the part of the plaintiff.

The plaintiff then moved to confirm the referee's report and to immediately determine and grant the enforcement motion, which had been held in abeyance. The defendant cross-moved to reject the referee's report. He further argued that, in any event, the enforcement motion should be denied, arguing for the first time that the child support and exclusive occupancy provisions of the judgment of divorce were defective because the summons with notice did not demand such relief, and because the evidence and findings were insufficient to support the award of child support. The Supreme Court granted that branch of the plaintiff's motion which was to confirm the referee's report and denied the defendant's cross motion. The Supreme Court further granted those branches of the enforce-

ment motion which were to enforce the provisions of the judgment of divorce relating to child support and exclusive occupancy of the former marital residence, and for attorney's fees to the extent of directing a hearing on the issue of reasonable attorney's fees. The defendant appeals from stated portions of the order.

The Supreme Court properly determined that, by accepting the benefits of the judgment of divorce and acquiescing in it for more than four years before he made a cross motion in 2011, the defendant had effectively waived his current challenges to its provisions (*see Blumes v Madar*, 21 AD3d 518 [2005]; *Cook v Cook*, 260 AD2d 160 [1999]; *Bettino v Bettino*, 112 AD2d 181 [1985]). The defendant also waived these contentions by failing to raise them in 2011 in support of his initial cross motion or in opposition to the enforcement motion (*see Foitl v G.A.F. Corp.*, 64 NY2d 911 [1985]; *Tran Han Ho v Brackley*, 69 AD3d 533 [2010]; *Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716, 718 [2006]).

The defendant's further contention that the plaintiff's exclusive occupancy of the former marital residence should be terminated based on events subsequent to the judgment of divorce is raised for the first time on appeal and is not properly before this Court (*see Petrozza v Franzen*, 109 AD3d 650, 652 [2013]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.