Nationstar Mtge., LLC v Turcotte (2018 NY Slip Op 03690)





Nationstar Mtge., LLC v Turcotte


2018 NY Slip Op 03690


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-02676
 (Index No. 23776/08)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Michael R. Turcotte, etc., et al., appellants.


Donald J. Neidhardt, Seaford, NY (David H. Eisenberg of counsel), for appellants.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated January 5, 2016, which denied their motion pursuant to CPLR 5015(a) to vacate an order of the same court dated November 9, 2010, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, and a judgment of foreclosure and sale of the same court entered June 9, 2014, and to set aside the foreclosure sale held pursuant thereto.
ORDERED that the order dated January 5, 2016, is affirmed, with costs.
In 2007, the defendants executed a note and delivered a mortgage encumbering real property located in Southampton, Suffolk County. On June 25, 2008, the plaintiff commenced this mortgage foreclosure action, alleging that the defendants had defaulted by failing to make a monthly payment. The defendants timely interposed a verified answer. On May 13, 2010, the defendants filed for bankruptcy protection under chapter 7 of the United States Bankruptcy Code (11 USC § 701 et seq.), thereby triggering an automatic stay of all nonbankruptcy actions and proceedings (see 11 USC § 362[a]). On August 24, 2010, the defendants received a discharge in bankruptcy, which terminated the automatic stay (see 11 USC § 362[c][2][C]).
Meanwhile, on June 18, 2010, a settlement conference pursuant to CPLR 3408 was held in the instant action. The defendants did not appear at the settlement conference. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. By order dated November 9, 2010, the Supreme Court granted the unopposed motion. In 2011, the defendants moved, in effect, to vacate their default in opposing the plaintiff's motion, alleging that they were not properly served with process (see CPLR 5015[a][4]). By order dated September 20, 2011, the Supreme Court denied the defendants' motion. Thereafter, a judgment of foreclosure and sale was entered on June 9, 2014, and, following a foreclosure sale, the premises were conveyed by referee's deed to Wells Fargo Bank, National Association.
In May 2015, after receiving a 90-day notice to quit, the defendants moved pursuant to CPLR 5015(a) to vacate the order dated November 9, 2010, and the judgment of foreclosure and sale, and to set aside the foreclosure sale held pursuant thereto. They contended that, to the extent the order dated November 9, 2010, was granted upon their failure to appear at the settlement [*2]conference, this was improper because the plaintiff engaged in misconduct by failing to inform the Supreme Court of the defendants' pending bankruptcy petition and by appearing at the conference in violation of the bankruptcy stay (cf. CPLR 5015[a][3]). The defendants also argued, in effect, that as a result of the plaintiff's alleged misconduct, they were deprived of a mandatory settlement conference to which they were entitled pursuant to CPLR 3408(a). The plaintiff opposed the motion. In an order dated January 5, 2016, the court denied the defendants' motion. The defendants appeal.
The defendants failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time (see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756), since they were aware of the plaintiff's alleged misconduct in 2010 but waited until 2015 to file their motion (see Bank of N.Y. v Stradford, 55 AD3d 765; Sieger v Sieger, 51 AD3d 1004, 1006).
In any event, the record indicates that, contrary to the defendants' contention, the Supreme Court did not award summary judgment to the plaintiff based upon the defendants' failure to appear at the settlement conference. Significantly, the order dated November 9, 2010, recites that the court reviewed, inter alia, the affidavit of the plaintiff's vice president submitted in support of the motion (cf. Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046; North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d 706).
Moreover, the defendants failed to demonstrate some device, trick, or deceit "that led [them] to believe that [they] need not defend the suit" (LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). Although the plaintiff's submission of its summary judgment motion predated the termination of the automatic bankruptcy stay, the Supreme Court, in effect, suspended the proceedings (see Carr v McGriff, 8 AD3d 420) until rendering its determination on the plaintiff's motion more than 2½ months after the automatic bankruptcy stay was terminated.
Finally, the defendants' contention that the plaintiff's misconduct deprived them of a mandatory settlement conference to which they were entitled pursuant to CPLR 3408(a) is without merit. Former CPLR 3408, which was in effect at the time this action was commenced on June 25, 2008 (see former CPLR 3408, as added by L 2008, ch 472, § 3), "applied only to foreclosure actions involving high-cost home loans or subprime or nontraditional home loans" (Independence Bank v Valentine, 113 AD3d 62, 65). Contrary to the defendants' contention, their adjustable rate note did not fall under the definition of a "nontraditional home loan[ ]" so as to mandate a settlement conference (see former RPAPL 1304[5][e]; Mortgage Elec. Registration Sys., Inc. v Lopez, 34 Misc 3d 1238[A], 2012 NY Slip Op 50458[U] [Sup Ct, Queens County]; see also HSBC Bank USA, N.A. v Daniels, 2015 NY Slip Op 32065[U] [Sup Ct, Queens County]; cf. In re Wachovia Equity Sec. Litig., 753 F Supp 2d 326, 342 [SD NY]).
Since the defendants failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time and, in any event, failed to meet their burden of establishing misconduct on the part of the plaintiff sufficient to entitle them to vacatur of the judgment of foreclosure and sale as well as the underlying summary judgment order (see Blumes v Madar, 21 AD3d 518; Federal Home Loan Mtge. Corp. v Nappy, 254 AD2d 323), the defendants' motion was properly denied.
The defendants' remaining contention is without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court