Goldin v Levy (2021 NY Slip Op 01481)





Goldin v Levy


2021 NY Slip Op 01481


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 312727/08 Appeal No. 13323 Case No. 2020-00209 

[*1]Laura Goldin, Plaintiff-Appellant,
v
Matthew Levy, Defendant-Respondent.


Peter M. Levine, New York, for appellant.
Brian D. Perskin & Associates P.C., Brooklyn (Jennifer Cohen-Vigder of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered November 13, 2019, to the extent it denied so much of plaintiff's motion as sought to sequester defendant's share of retirement assets and granted defendant's motion for a declaration that his entitlement to 50% of the gains or losses of the marital portion of plaintiff's Random House 401(k) account under the terms of the parties' stipulation of settlement, unanimously modified, on the law, solely to declare that defendant is entitled to 50% of the gains or losses of the marital portion of plaintiff's Random House 401(k) account, and, as so modified, affirmed, without costs, and appeal therefrom to the extent the order directed a hearing on plaintiff's motion for add-on arrears and counsel fees and to hold defendant in civil contempt, unanimously dismissed, without costs, as taken from a nonappealable order.
The part of the order that directed a hearing to determine arrears, civil contempt, and attorneys' fees is not appealable, because it does not affect a substantial right (see CPLR 5701[a][2][v]; Zaharatos v Zaharatos, 134 AD3d 926 [2d Dept 2015]; Kornblum v Kornblum, 34 AD3d 749, 751 [2d Dept 2006]). Any party aggrieved by an order entered subsequent to the hearing may appeal from that order.
The motion court properly denied the part of plaintiff's motion seeking sequestration of defendant's share of retirement accounts pursuant to Domestic Relations Law § 243. Although plaintiff established some arrears, she failed to make "a showing of necessity, such as a consistent pattern of arrears or a willful violation of a court order directing payment of arrears" (Sivigny v Sivigny, 236 AD2d 205, 205 [1st Dept 1997]), especially in light of the fact that her motion for add-on arrears and to hold defendant in contempt are pending determination after a hearing.
The court properly interpreted the parties' stipulation of settlement in the divorce action as unambiguous with respect to defendant's entitlement to 5o% of the gains or losses of the marital portion of plaintiff's Random House 401(k) account. To adopt plaintiff's view that defendant is only entitled to 50% of the gains or losses on his already reduced distributive share of 25%— in other words, on 12.5 percent of the marital portion — would produce a result that is "contrary to the reasonable expectations of the parties" (see Keller-Goldman v Goldman, 149 AD3d 422, 426 [1st Dept 2017] [internal quotation marks omitted], affd 31 NY3d 1123 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021