■ JOSEPH GORMLEY, Appellant, v DOROTHY GORMLEY, Respondent. [657 NYS2d 85] —In a matrimonial action in which the parties were divorced by a judgment dated March 10, 1987, the plaintiff husband appeals from a Qualified Domestic Relations Order of the Supreme Court, Kings County (Schneier, J.), dated December 9, 1994.

Ordered that the appeal is dismissed, with costs.

Under the terms of the parties' judgment of divorce, the wife was awarded a 50% interest in the marital portion of the husband's retirement pension, to be paid at such time as he "is entitled to receive his benefits". In order to effectuate the division of pension benefits and permit the husband's pension plan to make direct payments to her, the wife submitted a Qualified Domestic Relations Order (hereinafter QDRO) to the court in conformity with the provisions of the Internal Revenue Code and the Employee Retirement Income Security Act (see, 26 USC § 414 [p]; 29 USC § 1056 [d]). There is no indication in the record that the husband raised any objection to the QDRO prior to its entry.

On appeal, the husband asserts that the QDRO utilizes an improper formula for calculating the wife's share of his future pension benefits. However, no appeal lies as of right solely from the entry of a QDRO which functions to implement those portions of the judgment of divorce awarding one spouse an interest in the marital portion of the other spouse's retirement pension (see, CPLR 5701 [a] [2]). Moreover, considering the husband's failure to alert the Supreme Court to his objection to the QDRO prior to its entry, and the sparsity of the record on appeal, we decline to grant the husband leave to appeal. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.