■ MICHAEL RUTENBERG, Respondent-Appellant, v ANNA RUTENBERG, Appellant-Respondent. [659 NYS2d 1021] —In a matrimonial action in which the parties were divorced by judgment entered January 14, 1988, which incorporated the terms of a stipulation of settlement entered on the record in open court on November 4, 1987, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated September 20, 1996, as (1) held that her interest in her former husband's pensions was to be measured from the date of the marriage to the date of the commencement of the divorce action, and (2) granted the motion of the plaintiff former husband to vacate a Qualified Domestic Relations Order of the same

court, entered December 19, 1994. The former husband cross-appeals, as limited by his brief, from so much of the same order as permitted the former wife to choose whether to accept his offer to buy out the former wife's interests in his pensions. The appeal and cross appeal bring up for review an order of the same court, dated April 3, 1997, which, upon reargument, (1) adhered to the original determination that the former wife's interest in the former husband's pensions was to be measured from the date of the marriage to the date of the commencement of the divorce action, and (2) vacated that portion of the original determination which held that the former wife would be permitted to choose whether to accept the former husband's offer to buy out her interest in the pensions, and, instead, ordered the former wife to accept the sum of $58,636.65, representing her interest in the pensions (see, CPLR 5517 [b]).

Ordered that the appeal from so much of the order dated September 20, 1996, as concerned the valuation dates of the former wife's interests in the pensions is dismissed, as that portion of the order was superseded by the order dated April 3, 1997, made upon reargument; and it is further,

Ordered that the cross appeal from so much of the order dated September 20, 1996, as granted the former wife the option to choose whether to accept the former husband's offer to buy out her interest in the pensions is dismissed, as that portion of the order was superseded by the order dated April 3, 1997, made upon reargument; and it is further,

Ordered that the order dated September 20, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated April 3, 1997, is affirmed; and it is further,

Ordered that the former husband is awarded one bill of costs.

The parties' stipulation of settlement, as well as the judgment of divorce, granted the former husband the right to choose the manner in which the former wife was to receive her interest in the former husband's pensions. There is no merit to the former wife's contention that the former husband somehow waived his right to exercise this choice (see, General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232; Dice v Inwood Hills Condominium, 237 AD2d 403; Peck v Peck, 232 AD2d 540).

The former wife's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.