■ PATRICK J. LAVIN, Appellant, v ANNE K. LAVIN, Respondent. [694 NYS2d 243] —Mikoll, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered March 23, 1998 in Saratoga County, which, *inter alia,* fixed defendant's share of plaintiff's pension.

The question presented is whether Supreme Court properly entered a Qualified Domestic Relations Order (hereinafter QDRO) directing the distribution of defendant's marital portion of plaintiff's pension with the New York State and Local Retirement Systems.

In August 1989, the parties executed a separation agreement which was incorporated but not merged in their subsequent judgment of divorce. The agreement provided, in pertinent part, that when plaintiff began to collect his pension from the State, he would pay defendant "an amount equal to 50% of the fraction representing the portion of years of the marriage prior to separation". In February 1998, defendant's attorney submitted a proposed QDRO to Supreme Court. Plaintiff, then *pro se,* wrote to the court objecting to the proposed order, arguing that its issuance was neither required nor authorized by the terms of the separation agreement, and that its proposed terms effected an unauthorized modification thereof. Supreme Court responded to plaintiff's objections by advising that issuance of the QDRO was required by Federal law,[1] and that its terms did not change but rather implemented the terms of the separation agreement. Supreme Court thereafter issued the QDRO, and this appeal by plaintiff ensued.

As a preliminary matter, we note defendant's objection that no appeal lies as of right from a QDRO implementing the division of marital property. Since plaintiff raised timely objections prior to the entry of the order, thus presenting a record upon which we may review the question, we shall treat plaintiff's no-

---

**1.** (*See,* Internal Revenue Code, 26 USC § 414 [p]; Employee Retirement Income Security Act of 1974, 29 USC § 1056 [d].)

tice of appeal as an application for leave to appeal from the QDRO and grant the application (*see,* CPLR 5701 [c]; *Aranoff v Aranoff,* 256 AD2d 372; *Curry v Curry,* 254 AD2d 448; *compare, Gormley v Gormley,* 238 AD2d 545).

Turning to the substance of plaintiff's claim, we find no merit in his contention that Supreme Court materially altered the parties' agreed-upon property distribution scheme. We discern no difference in the parties' expression of defendant's pension entitlement, to wit, "an amount equal to 50% of the fraction representing the proportion of years of the marriage prior to separation", and the Majauskas formula referenced by the court in the QDRO.[2]

We are unpersuaded by plaintiff's assertion that pursuant to the parties' agreement, he retained the exclusive right to calculate and distribute pension funds to defendant. Plaintiff's reliance on *Rutenberg v Rutenberg* (240 AD2d 648), is misplaced. In that case, the parties' agreement entitled the husband to choose the manner in which his former wife's interest in his pension was paid, and the court affirmed vacatur of that portion of a QDRO which gave the former wife the option of refusing to accept a lump-sum payment. Here, in contrast, the QDRO implemented the parties' express agreement that defendant would receive her share of plaintiff's pension from each such payment to him.

Finally, we reject plaintiff's claim that defendant is not entitled to receive a percentage of that portion of his pension attributable to his enhanced, post-divorce earnings. "By its very nature, a pension right jointly owned as marital property is subject to modification by future actions of the employee" (*Olivo v Olivo,* 82 NY2d 202, 209). "What the nonemployee spouse possesses, in short, is the right to share in the pension as it is ultimately determined" (*id.,* at 210).

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Although plaintiff takes issue with Supreme Court's description of the numerator of the formula as being the "length of the marriage" whereas the parties agreed to exclude the period between their separation and divorce, the QDRO correctly specifies the 228-month period from the date of marriage to date of separation.