■ Tommaso Irato, Appellant, v Antoinette C. Irato, Respondent. (Appeal No. 1.) [732 NYS2d 213] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from a Qualified Domestic Relations Order (QDRO). Although no appeal lies as of right from a QDRO, plaintiff raised timely objections prior to the entry of the QDRO and thereby preserved a record for our review. We therefore treat the notice of appeal as an application for leave to appeal, grant the application and consider the merits of plaintiff's contentions (*see, Lavin v Lavin*, 263 AD2d 932, 932-933).

We note at the outset that, by failing to object to defendant's delay in submitting the QDRO prior to the entry of the order, plaintiff failed to preserve for our review his contention that defendant abandoned or waived her rights pursuant to *Majauskas v Majauskas* (61 NY2d 481) by reason of that delay. We agree with plaintiff, however, that the QDRO is in error because it deviates from the judgment of divorce in two respects. First, the judgment provides that defendant "shall receive by direct payment from the Federal Civil Service Retirement System (FERS) fifty percent (50%) of the marital portion of the [plaintiff's] full net annuity payment." The QDRO, however, provides that defendant "is entitled to 50% (fifty percent) of a fraction of [plaintiff's] gross monthly annuity under the Civil Service Retirement System." Defendant's share of plaintiff's pension must be determined in accordance with the judgment of divorce on an after-tax basis. Second, although the QDRO provides that defendant is awarded a former spouse survivor annuity, no provision for that award was made in the judgment of divorce and thus defendant is not entitled to such

an award. The issue of equitable distribution was fully litigated at the time of the divorce. "In general, a final judgment of divorce issued by a court having both subject matter and personal jurisdiction has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated" (*Rainbow v Swisher*, 72 NY2d 106, 110; *see*, *Albert v Schoenlein*, 229 AD2d 813, 814; *see also*, *Boronow v Boronow*, 71 NY2d 284). Thus, we reverse the order and remit the matter to Supreme Court for issuance of an amended QDRO in accordance with our decision herein. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Matrimonial.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.