■ LAURIE McCARTHY, Respondent, v MARK McCARTHY, Appellant. [747 NYS2d 881] —Appeal from those parts of an order of Supreme Court, Niagara County (Lane, J.), granted November 7, 2001, that denied defendant's motion seeking to amend two Qualified Domestic Relations Orders.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion in part and amending the stock purchase plan Qualified Domestic Relations Orders and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following Memorandum: Defendant appeals from those parts of an order of Supreme Court denying those parts of his motion seeking to amend two Qualified Domestic Relations Orders (QDROs): one distributing defendant's stock purchase plan (stock purchase plan QDRO) and the other distributing defendant's pension. The separation agreement, which was incorporated but not merged into the judgment of divorce, provides in relevant part that "[plaintiff] shall receive a 40% share of [defendant]'s pension and stocks, pursuant to the principles and formula enumerated in MAJAUSKAS. * * * [Defendant]'s savings and stock purchase plan at [defendant's place of employment] will be evenly divided by the parties, valued as of date of agreement less any loan thereon currently outstanding." The stock purchase plan QDRO, prepared by plaintiff's attorney, provides that defendant "would transfer a fifty (50) percent lump sum interest from his * * * stock purchase program, as an equitable distribution of this marital asset valued as of March 31, 2000." After that QDRO was filed, defendant's attorney requested that plaintiff's attorney amend the QDRO by providing that the stock purchase plan would be distributed evenly as of March 31, 2000, subject to market conditions that occur from that date to the date of distribution. Plaintiff's attorney refused and defendant's motion followed. The court determined that plaintiff was entitled to 50% of the value of the stock purchase plan as of March 31, 2000. Because the value of the stock purchase plan decreased after the date of the separation agreement, the court in effect made a cash distribution of that asset, resulting in a significantly greater distribution of that asset to plaintiff than to defendant. That was error. We conclude that the separation agreement did not provide the sum that each party was to receive with respect to the stock purchase plan, but rather it provided the method by which the stock purchase plan QDRO would divide that asset, i.e. "evenly," after deducting any outstanding loan balance. Although the separation

agreement provides that the asset is to be "valued as of the date of agreement," that language merely determines the date after which payments into the plan would be considered defendant's separate property. Thus, we conclude that the stock purchase plan QDRO deviates from the separation agreement as incorporated into the judgment of divorce and therefore modify the order by granting defendant's motion in part and amending the stock purchase plan QDRO and remit the matter to Supreme Court, Niagara County, for issuance of an amended QDRO in accordance with our decision herein (*see Irato v Irato,* 288 AD2d 952, 952-953). Defendant's attorney approved the QDRO for the pension and thus we decline to disturb that part of the order denying that part of defendant's motion seeking to amend that QDRO. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.