█ HARRY E. GARTLEY, Appellant, v LINDA M. GARTLEY, Respondent. (Appeal No. 1.) [789 NYS2d 559]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered August 14, 2003. The order denied plaintiff's motion to revise the terms and provisions of the judgment of divorce and granted defendant's cross motion for an amended qualified domestic relations order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: With respect to plaintiff's appeal from the order in appeal No. 1, we conclude that Supreme Court properly denied plaintiff's motion seeking "a revision of the terms and provisions of the Judgment [of divorce] so as to provide equitable . . . relief," but our reasoning differs from that of the court. The judgment of divorce incorporated but did not merge the parties' stipulation. The court properly characterized the motion as, inter alia, seeking to revise the parties' stipulation and thus, instead of denying the motion on the merits, the court should have denied the motion on the ground that "a motion is not the proper vehicle for challenging a [stipulation] incorporated but not merged in[ ] a divorce judgment. Rather, [plaintiff] should have commenced a plenary action seeking [recission] or reformation of the [stipulation]" (*Spataro v Spataro*, 268 AD2d 467, 468 [2000]; *see also Christian v Christian*, 42 NY2d 63, 72 [1977]). We therefore do not consider the merits of plaintiff's motion.

We dismiss the appeal from the Qualified Domestic Relations Order (QDRO) in appeal No. 3, which applies to a tax sheltered annuity, and the appeal from the "amended" QDRO in appeal No. 2, which applies to plaintiff's retirement benefits and supersedes a prior QDRO, inasmuch as neither order is appealable as of right (*see Weissman v Weissman*, 300 AD2d 261 [2002], *lv dismissed* 99 NY2d 638 [2003]; *Gormley v Gormley*, 238 AD2d 545, 546 [1997]; *cf. Shaw v Shaw*, 15 AD3d 1007 [2005]). The stipulation of the parties, which as noted was incorporated but not merged in the judgment of divorce, provided, inter alia, for the distribution of the retirement benefits pursuant to the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]) and further provided that defendant receive preretirement death benefits utilizing that formula. We note that the stipulation also provided that plaintiff could designate a beneficiary for his share of the death benefit. Because the administrator of plaintiff's retirement plan will not accommodate that pro-

vision of the stipulation, however, the amended QDRO in appeal No. 2 was issued to comply with the requirements of the plan. The terms of the judgment of divorce differ from the amended QDRO only in that respect and thus, under the circumstances of this case, we decline to treat the notices of appeal in appeal Nos. 2 and 3 as applications for leave to appeal (*cf. Irato v Irato*, 288 AD2d 952 [2001]). Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.