Anita L. Shaw, Respondent, v Donald S. Shaw, Appellant. [788 NYS2d 912]—

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered May 26, 2004. The order granted plaintiff the right to receive a portion of defendant's total account value payable under an employer-sponsored defined contribution pension plan.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs.

Memorandum: Donald S. Shaw appeals from a qualified domestic relations order (QDRO) purporting to effectuate an equitable distribution of his retirement benefits to Anita L. Shaw, his wife. Because the QDRO does not implement the provisions of any other order or judgment, we entertain the direct appeal therefrom (*cf. Gartley v Gartley*, 15 AD3d 995 [2005]; *Gormley v Gormley*, 238 AD2d 545, 546 [1997]), and our statement in *Irato v Irato* (288 AD2d 952, 952 [2001]) that "no appeal lies as of right from a QDRO" therefore does not apply herein. With respect to the merits of this appeal, we note that neither an action for divorce nor a support enforcement proceeding has been commenced against Donald and that no process with respect to any such action or proceeding has been served upon him (*see* CPLR 304, 305, 306-b, 308; Domestic Relations Law § 232; *see also Matter of Gershel v Porr*, 89 NY2d 327, 332 [1996]; *Luis v New York City Hous. Auth.*, 309 AD2d 719 [2003]; *Sangiacomo v County of Albany*, 302 AD2d 769, 770-771 [2003]; *see generally Matter of Rosenberg v New York State Bd. of Regents*, 2 AD3d 1003 [2003]; *Pendergrast v St. Mary's Hosp.*, 156 AD2d 436, 437-438 [1989]). Supreme Court therefore lacked personal jurisdiction over Donald and had no authority to issue the QDRO, which consequently must be reversed. Present—Scudder, J.P., Kehoe, Martoche, Smith and Lawton, JJ.