■ ELIZABETH C. HOKE, Appellant, v DONALD G. HOKE, Respondent. [811 NYS2d 528]—

Appeal from an amended order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered June 11, 2004. The amended order determined defendant's interest in plaintiff's pension and retirement plan.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by vacating the seventh ordering paragraph and as modified the amended order is affirmed without costs.

Memorandum: We note at the outset that, although no appeal lies as of right from a qualified domestic relations order (QDRO), we treat plaintiff's notice of appeal from the amended QDRO herein as an application for leave to appeal and grant leave to appeal (see Irato v Irato, 288 AD2d 952 [2001]; cf. Gartley v Gartley, 15 AD3d 995, 996 [2005]). We further note that plaintiff contends for the first time on appeal that Supreme Court erred insofar as it directed plaintiff to execute documents "irrevocably designat[ing]" defendant, plaintiff's former husband, as the beneficiary of preretirement death benefits from the New York State Teachers' Retirement System in accordance with the formula set forth in Majauskas v Majauskas (61 NY2d 481 [1984]). We nevertheless address the contention of plaintiff despite her failure to preserve it for our review because "the issue [raised therein] is one of law appearing on the face of the record that [defendant] could not have countered had it been raised in the court of first instance" (Matter of Allegany County Dept. of Social Servs. v Thomas T., 273 AD2d 916, 918 [2000]; see Oram v Capone, 206 AD2d 839, 840 [1994]).

With respect to the merits, the court properly determined that the parties entered into a standard and unambiguous agreement to divide plaintiff's pension in accordance with Majauskas (see McCoy v Feinman, 99 NY2d 295, 302 [2002]). We agree with plaintiff, however, that the court erred in requiring plaintiff to

designate defendant as the irrevocable beneficiary of plaintiff's preretirement death benefits provided by the same fund. As the Court of Appeals wrote in *Kazel v Kazel* (3 NY3d 331, 334 [2004]), "pension benefits and death benefits are two distinct matters. Both [the Employee Retirement Income Security Act of 1974] and the [Internal Revenue Code] treat them as separate interests, and we therefore hold that reference to a pension plan or pension benefits will not be deemed to include death benefits." While "[p]arties to a matrimonial action might agree that *Majauskas* will govern equitable distribution of an employee-spouse's pension benefits, . . . mere mention of *Majauskas* does not by itself establish the parties' intent to allocate those benefits" (*McCoy*, 99 NY2d at 303). "[A]ny distribution of survivor benefits should be explicitly stated" (*Kazel*, 3 NY3d at 334). Thus, because the stipulation herein is not ambiguous and does not cover preretirement death benefits, the nonparticipating spouse is not entitled to receive those benefits (*see McCoy*, 99 NY2d at 303). We therefore modify the amended order accordingly. Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.