■ Salvatore W. Page, Appellant, v Lorraine A. Page, Respondent. (Appeal No. 1.) [817 NYS2d 552]—Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 23, 2004. The order denied plaintiff's motion for leave to renew and rehear.

■ Salvatore W. Page, Appellant, v Lorraine A. Page, Respondent. (Appeal No. 2.) [817 NYS2d 551]—Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 1, 2005. The judgment dissolved the marriage of the parties and, among other things, distributed plaintiff's pension benefits.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject plaintiff's contention in appeal No. 2 that Supreme Court's November 2003 decision and the judgment of divorce do not accurately reflect the terms of the parties' stipulation with respect to the distribution of plaintiff's pension benefits. The record supports the court's determination

that the parties agreed that defendant would receive her share of those benefits upon plaintiff's retirement in accordance with the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]) and that her share was not fixed as of the date of commencement of the first action for divorce, which was subsequently withdrawn (*see Cuda v Cuda* [appeal No. 2], 19 AD3d 1114 [2005]; *Lavin v Lavin*, 263 AD2d 932, 933 [1999]).

With respect to appeal No. 3, we note at the outset that, although no appeal lies as of right from a qualified domestic relations order (QDRO) and plaintiff has not sought leave to appeal, we nevertheless treat the notice of appeal in appeal No. 3 as an application for leave to appeal and grant leave to appeal (*see Hoke v Hoke*, 27 AD3d 1055 [2006]; *Irato v Irato*, 288 AD2d 952 [2001]). We agree with plaintiff that the provisions of the QDRO deviate from the court's November 2003 decision and the judgment of divorce (*see Zebrowski v Zebrowski*, 28 AD3d 883 [2006]) as well as the parties' stipulation (*see Hoke*, 27 AD3d at 1055-1056; *Von Buren v Von Buren*, 252 AD2d 950 [1998]) with respect to death and survivor benefits, early retirement subsidy benefits and restraints on plaintiff's conduct as a participant in the pension plan. We therefore reverse the order and remit the matter to Supreme Court for issuance of an amended QDRO conforming to the November 2003 decision, the judgment of divorce and the parties' stipulation (*see Pollack v Pollack*, 288 AD2d 201, 202 [2001]; *see also Irato*, 288 AD2d at 953). Present—Gorski, J.P., Green, Pine and Hayes, JJ.