VICTOR DEMJANENKO, Respondent, v VIRGINIA L. DEMJANENKO, Appellant. [913 NYS2d 844]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 19, 2009. The order, insofar as appealed from, denied the motion of defendant to compel plaintiff to pay her $243,196.50.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Supreme Court properly denied that part of defendant's motion seeking an order directing plaintiff to transfer to defendant the sum of $243,196.50 from his individual retirement accounts (IRAs) pursuant to the parties' separation agreement (agreement), as incorporated but not merged into the judgment of divorce. The agreement expressly provided that the value of the parties' IRAs would be "equalized" as part of the equitable distribution of marital property. Thus, the court properly concluded that the parties intended that they would share equally in the appreciation or depreciation of their IRAs that occurred between the date of the agreement, when the value of the IRAs was initially determined, and the date of distribution (*see generally McCarthy v McCarthy*, 298 AD2d 977 [2002]).

All concur except Martoche, J.P., who dissents and votes to reverse in accordance with the following memorandum.

Martoche, J.P. (dissenting). I respectfully dissent. The agreement provides in article five that, during the course of the marriage, the parties acquired individual retirement accounts in specific amounts. The agreement further provides that the parties were to retain the identified retirement accounts in their respective names as their sole and separate property upon completion of equalization of the accounts, but recognized that the value of plaintiff's account exceeded defendant's account by $486,393, "which sum shall be equalized as part of the equitable distribution" of plaintiff's TIAA-CREF account. The agreement further noted that, in order to equalize the accounts, defendant was entitled to a tax-free transfer or rollover of funds from plaintiff's TIAA-CREF account "in the amount of $243,196.50, together with any interest earned or appreciation of the said balance, but not to include any new contributions to the said account or interest earned or appreciation upon said new contributions, related to any time period after May 7, 2007." The agreement recognized that, if there were insufficient funds in the TIAA-CREF account to "effectuate the transfer as set forth above," any difference "due and owing" to defendant was to be transferred from plaintiff's "ING account in the same manner."

I cannot agree with the majority that Supreme Court properly denied that part of defendant's motion seeking to direct plaintiff to transfer the sum of $243,196.50 from his individual retirement accounts, in accordance with the terms of the agreement. First, I believe that this case is distinguishable from our decision in *McCarthy v McCarthy* (298 AD2d 977 [2002]), the case upon which the majority relies for its decision. We held therein that, inter alia, the court erred "in effect" making a cash distribution of the husband's stock purchase plan (*id.*), but there the agreement between the parties expressly provided that the wife was entitled to a 40% share of the husband's pension and to 50% of his savings and stock purchase plan. That agreement referenced only percentages, and did not discuss a specific monetary amount, as does the agreement here. Additionally, the agreement here provides for a mechanism by which defendant would receive the specific amount of money in the event that the TIAA-CREF account had insufficient funds in it to effectuate the transfer of the specific monetary amount, namely, $243,196.50.

Second, I am troubled by plaintiff's dilatory tactics in the preparation of the qualified domestic relations order (QDRO).

The record establishes that the attorney representing defendant contacted plaintiff's attorney on several occasions requesting information in order to prepare the QDRO. The attorney received no response to the request from an attorney for plaintiff, and plaintiff himself ultimately informed defendant's attorney that he was not represented by counsel in the preparation of the QDRO documents and that he was enclosing a copy of correspondence, which is not included in the record, "for settlement purposes." However, plaintiff does not dispute the statement of defendant's attorney that plaintiff in fact was represented by counsel throughout the period in which defendant's attorney did not receive a response to the request for assistance in the preparation of the QDRO.

In my view, the agreement unequivocally establishes that defendant is entitled to a specific dollar amount, i.e., $243,196.50. I therefore would reverse the order insofar as appealed from and grant that part of defendant's motion seeking the relief requested with respect to the issue addressed herein. Present— Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.