■ FELICE CHARASZ, Appellant, v DIANA ROZENBLUM, Respondent. (Action No. 1.) DIANA ROZENBLUM CHARASZ, Respondent, v FELICE CHARASZ, Appellant. (Action No. 2.) [9 NYS3d 104]—

Appeal from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated August 29, 2013. The order, inter alia, granted the wife's motion to substitute the executor of her husband's estate as the plaintiff in action No. 1 and as the defendant in action No. 2.

Ordered that the order is affirmed, with costs.

This appeal involves two related actions for a divorce and ancillary relief, one commenced by the husband (action No. 1), and one commenced by the wife (action No. 2). The actions were jointly tried, and the Supreme Court granted the husband a divorce on the ground of constructive abandonment. The court, however, withheld entry of a judgment of divorce until the trial of the ancillary issues was completed. After the trial of the ancillary issues was largely completed, but before a decision was rendered on those issues, the husband died. Thereafter, the wife moved to substitute the executor of the husband's estate as the plaintiff in action No. 1 and as the defendant in action No. 2. The executor of the husband's estate, in opposition, contended that the actions should be dismissed, because the actions abated upon the husband's death. The Supreme Court, among other things, granted the motion.

Contrary to the contention of the executor of the husband's estate, the actions did not abate upon the death of the husband. The Supreme Court had made the final adjudication of divorce before the husband's death, but had not performed the " 'mere ministerial act of entering the final judgment' " (*Cristando v Lozada*, 118 AD3d 846, 847 [2014], quoting *Cornell v Cornell*, 7 NY2d 164, 170 [1959]). Moreover, a cause of action for equitable distribution does not abate upon the death of a spouse (*see Cristando v Lozada*, 118 AD3d at 847; *Matter of Agliata*, 222 AD2d 1025 [1995]; *Peterson v Goldberg*, 180 AD2d 260, 263 [1992]). " 'Consequently, if a party dies in possession of a vested right to equitable distribution, and that right has been asserted during the party's lifetime in an action in a court of this State, that right survives the party's death and may be asserted by the estate' " (*Cristando v Lozada*, 118 AD3d at 847, quoting *Peterson v Goldberg*, 180 AD2d at 263). Eng, P.J., Dillon, Chambers and Barros, JJ., concur.