Holderman v Holderman (2020 NY Slip Op 02216)





Holderman v Holderman


2020 NY Slip Op 02216


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

527620

[*1]Darla J. Holderman, Appellant,
v
Dale B. Holderman, Defendant.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Assaf & Siegal PLLC, Albany (Michael D. Assaf of counsel), for appellant.



Pritzker, J.
Appeal from an order of the Supreme Court (Powers, J.), entered August 28, 2018 in Clinton County, which issued a domestic relations order.
Plaintiff (hereinafter the wife) commenced a divorce action against defendant (hereinafter the husband) in October 2006. Supreme Court issued a judgment of divorce that incorporated, but did not merge, a settlement agreement that directed the equitable distribution of marital property between the wife and the husband. As relevant here, article 20 of the agreement addressed the terms of distribution of the wife's pension plan administered by the New York State Teacher's Retirement System. In August 2018, the court issued a domestic relations order (hereinafter the DRO), in accord with Domestic Relations Law § 236, distributing the wife's pension benefits pursuant to article 20 of the agreement. There is no indication in the record that the wife raised any objections to the DRO prior to its entry.[FN1] The wife appeals from the DRO.
As a threshold matter, a DRO may not be appealed as of right (see Zebrowski v Zebrowski, 28 AD3d 883, 884 [2006]; Lavin v Lavin, 263 AD2d 932, 933 [1999]; see generally CPLR 5701 [a]). Moreover, because the wife failed to alert Supreme Court to her objections to the DRO prior to its entry, and given the sparse record on appeal, we decline to treat the wife's notice of appeal as an application for leave to appeal (see Gormley v Gormley, 238 AD2d 545, 546 [1997]; compare Sprole v Sprole, 155 AD3d 1345, 1346 [2017]; Lavin v Lavin, 263 AD2d at 932-933).
Garry, P.J., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: In her brief, the wife argues that efforts were made to vacate or amend the DRO, but there is no proof of this in the record.