Perry v McMahan (2020 NY Slip Op 06303)





Perry v McMahan


2020 NY Slip Op 06303


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-10906 
2017-13101
2018-02273
 (Index No. 399/05)

[*1]Susie McMahan Perry, etc., appellant,
v
Elena McMahan, respondent.


Belowich & Walsh LLP, White Plains, NY (Joanna Sandolo and Brian T. Belowich of counsel), for appellant.
Yonatan Levoritz, New York, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated August 31, 2017, (2) a money judgment of the same court entered November 3, 2017, and (3) an order of the same court dated November 2, 2017. The order dated August 31, 2017, insofar as appealed from, granted that branch of the defendant's motion which was for arrears of spousal maintenance due as of September 1, 2017. The money judgment entered November 3, 2017, upon the order dated August 31, 2017, is in favor of the defendant and against the plaintiff in the sum of $163,500. The order dated November 2, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendant's prior motion which was for arrears of spousal maintenance due as of September 1, 2017, and granted that branch of the defendant's cross motion which was for arrears of spousal maintenance due for October 1, 2017.
ORDERED that the appeal from the order dated August 31, 2017, is dismissed, as it was superseded by the money judgment entered November 3, 2017; and it is further,
ORDERED that the money judgment is affirmed; and it is further,
ORDERED that the order dated November 2, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On March 10, 2005, David Bruce McMahan (hereinafter the husband), and the defendant, Elena McMahan (hereinafter the wife), entered into a stipulation of settlement (hereinafter the agreement), which was incorporated but not merged into their judgment of divorce entered July 20, 2009. In pertinent part, the agreement obligated the husband to pay the wife $30,000 per month in spousal maintenance, and stated that, in the event of the husband's death prior to the termination of the wife's maintenance, the husband's estate would continue to make the maintenance payments. The agreement also stated that it was to be governed by the laws of the State of New York, and that [*2]it was to be so-ordered by the Supreme Court, which "shall retain exclusive jurisdiction to enforce the provisions of this Agreement."
The husband died on March 29, 2017, in Florida, and the plaintiff, who is the personal representative of the husband's estate, filed probate administration pleadings in Florida. The maintenance payments to the wife ceased after the husband's death, and the wife moved in Supreme Court, inter alia, to enforce the maintenance provisions of the agreement. In opposition, the plaintiff, among other things, argued that the Florida courts had subject matter jurisdiction over the enforcement of the maintenance provisions of the agreement against the estate, and that the courts of New York no longer had subject matter jurisdiction. In an order dated August 31, 2017, the court, inter alia, granted that branch of the wife's motion which was for arrears of spousal maintenance due as of September 1, 2017. A money judgment was entered on November 3, 2017, in favor of the wife and against the plaintiff in the sum of $163,500. Thereafter, the plaintiff moved, among other things, for leave to renew her opposition to that branch of the wife's motion which was for arrears of spousal maintenance due as of September 1, 2017, and the wife cross-moved, inter alia, for arrears of spousal maintenance due for October 1, 2017. In an order dated November 2, 2017, the court, among other things, denied that branch of the plaintiff's motion and granted that branch of the wife's motion. The plaintiff appeals.
"The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (Martin v Martin, 80 AD3d 579, 580). Further, the court's subject matter jurisdiction over a matrimonial matter does not end upon the death of one party (see Charasz v Rozenblum, 128 AD3d 631, 632; Gordon v Gordon, 110 AD2d 623, 624). Here, the agreement binds the husband's estate to continue maintenance payments to the wife after the husband's death, and grants the issuing court exclusive jurisdiction over the enforcement of its provisions, which are governed by New York law. The Florida statute relating to the enforcement of claims against an estate did not divest the Supreme Court of subject matter jurisdiction to resolve this dispute over a contract governed by New York law (see Marine Midland Bank v United Mo. Bank, 223 AD2d 119, 124-125). Accordingly, the plaintiff's contentions that the court lacked subject matter jurisdiction over the wife's claims against the husband's estate for spousal maintenance and that the judgment is void for lack of subject matter jurisdiction are without merit.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court