Gay v Gay (2022 NY Slip Op 04480)

Gay v Gay

2022 NY Slip Op 04480

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND WINSLOW, JJ.

457 CA 21-00967

[*1]TIMOTHY D. GAY, PLAINTIFF-APPELLANT,
v
MARIA GAY, DEFENDANT-RESPONDENT. 

LISA S. CUOMO, PLLC, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MACHT, BRENIZER & GINGOLD, P.C., SYRACUSE (JON W. BRENIZER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered June 10, 2021. The order determined the distribution of plaintiff's pension. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this postjudgment matrimonial proceeding, plaintiff appeals from a qualified domestic relations order (QDRO) that directed the New York State and Local Police and Fire Retirement System (PFRS) to pay defendant her marital share of plaintiff's pension pursuant to the Majauskas formula. Preliminarily, we note that "no appeal lies as of right from a QDRO" where, as here, that order implements the terms of a judgment of divorce (Irato v Irato, 288 AD2d 952, 952 [4th Dept 2001]; see Econopouly v Econopouly, 167 AD3d 1378, 1378 n [3d Dept 2018]; Gormley v Gormley, 238 AD2d 545, 546 [2d Dept 1997]; cf. Shaw v Shaw, 15 AD3d 1007, 1008 [4th Dept 2005]). Nevertheless, plaintiff "raised timely objections prior to the entry of the QDRO and thereby preserved a record for our review" (Irato, 288 AD2d at 952), and we therefore treat the notice of appeal as an application for leave to appeal and grant the application (see Mancuso v Graham, 173 AD3d 1808, 1808 [4th Dept 2019]; Piskorz v Piskorz, 81 AD3d 1354, 1354 [4th Dept 2011]).
Plaintiff contends that Supreme Court erred by deviating from the terms of the parties' oral stipulation, which was incorporated but not merged into the judgment of divorce, because the stipulation provided that the numerator of the Majauskas formula would be 253 months for plaintiff's police service during the marriage, but the court nonetheless added 36 months attributable to plaintiff's purchase of three additional years of credit for military service. We agree.
A stipulation of settlement that is incorporated but not merged into a judgment of divorce "is a contract subject to the principles of contract construction and interpretation" (Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990], rearg denied 76 NY2d 889 [1990]; see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Reber v Reber, 173 AD3d 1651, 1652 [4th Dept 2019]). Where such an agreement is clear and unambiguous, the intent of the parties must be gleaned from the language used in the stipulation of settlement and not from extrinsic evidence (see Meccico, 76 NY2d at 824; see also W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]), and the agreement in that instance " 'must be enforced according to the plain meaning of its terms' " (Anderson v Anderson, 120 AD3d 1559, 1560 [4th Dept 2014], lv denied 24 NY3d 913 [2015], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; see Roche v Lorenzo-Roche, 149 AD3d 1513, 1513-1514 [4th Dept 2017]). "A proper QDRO obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment" (McCoy, 99 NY2d at 304). "An alternative result would undermine litigants' freedom of contract by allowing QDROs to create new rights—or litigants to generate new claims—unexpressed in the settlement stipulation" (id.). Thus, "a court cannot issue a [*2]QDRO encompassing rights not provided in the underlying stipulation . . . , or one that is more expansive than the stipulation" (Kraus v Kraus, 131 AD3d 94, 100-101 [2d Dept 2015] [internal quotation marks omitted]; see McCoy, 99 NY2d at 304).
Here, as plaintiff contends and contrary to defendant's contention, we conclude that the stipulation unambiguously contemplates including no more than plaintiff's police service credit during the marriage as the numerator of the Majauskas formula and does not contemplate the inclusion of any additional service credits (see generally Smith v Smith, 59 AD3d 905, 905-907 [3d Dept 2009]). The stipulation clearly refers to the numerator as consisting exclusively of plaintiff's 21 years and 1 month of police service, i.e., the period of such employment from the beginning of the marriage to the commencement of the divorce action. Given that limitation, the language in the stipulation contemplating a "double-check" following the expression of belief that such period of service equated to 253 months is reasonably interpreted as simply indicating the need to confirm an accurate calculation of the precise number of months of plaintiff's police service during the marriage. Critically, despite the fact that the parties were fully aware that plaintiff had previously purchased additional years of credit for military service, there is no mention at the time of the stipulation of any attempt to include that credit in the numerator. Indeed, defendant's attorney did not dispute at the time of the stipulation the representation of plaintiff's attorney that the numerator, which was based on plaintiff's police service during the marriage, amounted to 253 months.
Based on the foregoing, we conclude that the court erred in deviating from the parties' stipulation (see Irato, 288 AD2d at 952-953). We therefore reverse the QDRO and remit the matter to Supreme Court for issuance of an amended QDRO in accordance with our decision
herein.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court