Conway v Conway (2025 NY Slip Op 04348)

Conway v Conway

2025 NY Slip Op 04348

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

473 CA 24-00863

[*1]CONCEPCION T. CONWAY, PLAINTIFF-APPELLANT,
v
EUGENE C. CONWAY, DECEASED, DEFENDANT, AND NICOLE LUNDER, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

THE SCHUPPENHAUER LAW FIRM, P.C., CANANDAIGUA (JOHN A. SCHUPPENHAUER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DUKE LAW FIRM, P.C., LAKEVILLE (SUSAN K. DUKE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered November 29, 2023 in a postjudgment matrimonial proceeding. The order, inter alia, dismissed all claims against defendant Nicole Lunder. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the order dismissing the claims against defendant Nicole Lunder, amending the caption to identify her as "Nicole Lunder, Individually and as Administrator of the Estate of Decedent Eugene C. Conway," and granting plaintiff's application for entry of an amended Qualified Domestic Relations Order (QDRO), and as modified the order is affirmed without costs and Supreme Court is directed to strike from the proposed amended QDRO the language "together with interest thereon at the rate of 9% per annum from January 7, 2019, to the date of the establishment of the account for the benefit of," and to replace it with the language "as of January 7, 2019, or the closest valuation dates thereto from the date of the establishment of the subject account, which sum shall include all investment gains and losses associated with said principal sum through the date of distribution to", and to enter the proposed amended QDRO as modified.
Memorandum: These consolidated appeals arise from a postjudgment matrimonial proceeding commenced by plaintiff against her deceased ex-husband (decedent) and his daughter (defendant) in which plaintiff seeks to amend a Qualified Domestic Relations Order (QDRO). Plaintiff moved for, inter alia, summary judgment on her application, and defendant cross-moved for an order, inter alia, dismissing with prejudice all claims against her and vacating the QDRO. Plaintiff appeals in appeal No. 1 from an order that dismissed the proceeding without prejudice to refile in Surrogate's Court and dismissed with prejudice all claims against defendant. Plaintiff appeals in appeal No. 2 from an order that denied her motion for leave to reargue the motion and cross-motion, effectively granted defendant's motion for leave to reargue the cross-motion insofar as the cross-motion sought an order vacating the QDRO, and, upon reargument, vacated the QDRO. We modify in appeal No. 1 and in appeal No. 2.
During their divorce proceeding, plaintiff and decedent entered into a separation and property settlement agreement (PSA) that, inter alia, identified and distributed their marital assets (see generally Domestic Relations Law § 236 [B] [3]). As part of the stipulated distributive award, the parties agreed that decedent's "pre-tax [IRA] account(s) through Charles Schwab[ ]" were marital assets, that plaintiff was entitled to 50% of the value of the Schwab IRA accounts, and that plaintiff's equitable share of the Schwab IRA accounts would be transferred into a like account in plaintiff's name alone "plus or minus any losses or gains on said amount as of the date of transfer." Prior to the entry of the judgment of divorce, however, decedent liquidated the Schwab IRA accounts and transferred the remaining qualified funds to an IRA at Equity Trust Company (Equity IRA), investing the principal in precious metals. The Equity IRA was titled [*2]solely to decedent and it named defendant as the beneficiary. Plaintiff thereafter obtained the QDRO directing Equity Trust Company to transfer to her the transmuted funds from her marital share of the Schwab IRA accounts. Equity Trust Company, in turn, advised plaintiff that it required an amended QDRO directing the sale of precious metals in order to transfer the transmuted funds. Following decedent's death, plaintiff commenced the instant postjudgment matrimonial proceeding against defendant, individually and as administrator of decedent's estate, seeking amendment of the QDRO.
Preliminarily, we note that no appeal lies from the portion of the order in appeal No. 2 denying plaintiff's motion for leave to reargue (see OnBank & Trust Co. v Dimovich, 197 AD2d 857, 857 [4th Dept 1993]).
With respect to the merits, in appeal No. 2, we agree with plaintiff that Supreme Court erred in vacating the QDRO. Contrary to defendant's contention, the funds in the Schwab IRA accounts remained marital assets subject to equitable distribution in accordance with the PSA (see Domestic Relations Law § 236 [B] [1] [c]), despite decedent's transfer and transmutation of those funds in violation of the applicable statutory automatic order (see § 236 [B] [2] [b] [2]; Roberson-Fisch v Fisch, 236 AD3d 554, 555-556 [1st Dept 2025]; Mage v Mage, 174 AD3d 884, 887 [2d Dept 2019]), and, thus, the QDRO was properly issued to effectuate the PSA's terms (see Kraus v Kraus, 131 AD3d 94, 100 [2d Dept 2015]; cf. Santillo v Santillo, 155 AD3d 1688, 1689 [4th Dept 2017]). We therefore modify the order in appeal No. 2 by denying defendant's motion for leave to reargue her cross-motion and denying her cross-motion insofar as it sought to vacate the QDRO.
In appeal No. 1, we agree with plaintiff that the court erred in dismissing her claims against defendant. Inasmuch as Supreme Court's "subject matter jurisdiction over a matrimonial matter does not end upon the death of one party" (Perry v McMahan, 188 AD3d 738, 739 [2d Dept 2020]; see Charasz v Rozenblum, 128 AD3d 631, 631 [2d Dept 2015]; Cristando v Lozada, 118 AD3d 846, 847 [2d Dept 2014], lv denied 24 NY3d 913 [2015]), plaintiff's application was properly brought in Supreme Court with defendant, as administrator of decedent's estate, substituted as the estate representative (see CPLR 1015 [a]). To the extent that the caption was not properly amended to reflect defendant's substitution, on our own motion we amend the caption accordingly (see Dougherty v Latorre, 206 AD3d 1580, 1580 [4th Dept 2022]). We further note that defendant is also a proper defendant in her individual capacity inasmuch as she is a "third-party transferee[ ] of marital property subject to a distribution dispute" and, thus, a necessary party (Schmidt v Schmidt, 99 AD2d 775, 776 [2d Dept 1984]; see Solomon v Solomon, 136 AD2d 697, 698 [2d Dept 1988]) and because plaintiff makes direct claims against her for a constructive trust and attorney's fees (see CPLR 1001 [a]; Matter of Harold, 112 AD3d 929, 931-932 [2d Dept 2013]; see generally Solomon, 136 AD2d at 698).
We also agree with plaintiff that the court erred in effectively denying in its entirety her application to amend the QDRO. "A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and interpretation" (Gay v Gay, 207 AD3d 1189, 1190 [4th Dept 2022] [internal quotation marks omitted]), must be "construed in accord with the parties' intent" and, where it is "complete, clear and unambiguous on its face[,] must be enforced according to the plain meaning of its terms" (Sears v Sears, 138 AD3d 1401, 1401 [4th Dept 2016] [internal quotation marks omitted]). "QDROs are . . . procedural mechanisms for effectuating payment of a spouse's share of the other spouse's pension" in accordance with the terms of a stipulation of settlement (Kraus, 131 AD3d at 104), and "where a QDRO fails to distribute property pursuant to an agreement, an amended QDRO may be submitted to effectuate the parties' agreement" (A.F. v D.F., 85 Misc 3d 1214[A], 2025 NY Slip Op 50160[U], *3 [Sup Ct, Nassau County 2025]; see Kraus, 131 AD3d at 100). Here, plaintiff and decedent stipulated that 50% of the funds in the Schwab IRA accounts were to be transferred to plaintiff, and plaintiff is therefore entitled to an amended QDRO as necessary to effectuate that agreement. Inasmuch as "[a] proper QDRO obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment" (Gay, 207 AD3d at 1190), however, we agree with defendant that plaintiff is not entitled to attorney's fees or statutory interest in the amended QDRO. We modify the order in appeal No. 1 accordingly.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court